Argued and submitted July 21, reversed and
remanded with instructions August 25, 1982

PATZER,
*Appellant,*
*v.*
LIBERTY COMMUNICATIONS, INC. et al,
*Respondents.*

(No. 16-80-11169, CA A23486)

650 P2d 141

William F. Frye, Eugene, argued the cause for appellant. With him on the briefs was Frye, Hanna & Veralrud, P.C., Eugene.

Bruce Smith, Eugene, argued the cause for respondents Liberty Communications, Inc., Peter Murphy, and Peter Spear. With him on the brief were Neuner, Dole, Caley & Kolberg, Roseburg, and Cass, Scott, Woods & Smith, Eugene.

Richard A. Roseta, Eugene, argued the cause for respondents Jayar Communications, Corp, dba KBDF AM/KZEL FM and Bob Zagorin. With him on the brief was Flinn, Brown & Roseta, Eugene.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

This is an action for libel brought by the president of a construction company against the owners and news personnel of a television station and a radio station in Eugene based on a series of defamatory broadcasts about the company. The trial court dismissed the action for failure to state ultimate facts sufficient to constitute a claim, and plaintiff appeals. We reverse.

Plaintiff was the owner and sole stockholder of Patzer Construction Company, a Eugene home-repair and remodeling company. The company did business from premises leased to plaintiff personally. Under the lease he had an option to purchase. During December, 1979, and January, 1980, defendants aired a series of broadcasts in which Patzer Construction Company was accused of faulty workmanship, building code violations, misrepresentation in obtaining building permits, causing one family to lose its home, and being the subject of complaints to the Builders Board and the District Attorney's office.

In his complaint, plaintiff alleged that (1) defendants' broadcasts "of and concerning the company * * * reflected on plaintiff individually, impairing his reputation and standing in the community and causing him humiliation, mental anguish and suffering * * *," and (2) as a result of the broadcasts

"the plaintiff has lost employment income and remuneration of the value of $10,000, and was further rendered financially unable to retain a lease option on property where the company did business, causing a loss to plaintiff of $80,000 * * *"

to his special damage in that amount.

Defendants moved to strike all six paragraphs of the complaint, contending that plaintiff, as president and sole stockholder of a corporate business, had no cause of action for libel for alleged defamatory statements directed against the corporation and not against him individually. The trial court treated this as a motion to dismiss and entered a judgment of dismissal without leave to amend. As framed by plaintiff, the issue on appeal is whether an officer of a corporation who is not personally named in the

defamatory statements has a substantive right to recover for a libel published about the corporation. Defendants contend on appeal that the judgment of dismissal should be affirmed, because plaintiff failed to plead his cause of action correctly under ORCP 20 E(1). We will discuss the substantive claim first.

The precise question whether defamation of a corporation can give rise to a cause of action for the president of the corporation has never been answered in Oregon. Plaintiff cites numerous cases from other jurisdictions that support the proposition that, if an individual can show that the defamation of the corporation directly relates to the complaining corporate officer, he is entitled to prosecute a cause of action for libel. *See, e.g., Brayton v. Crowell-Collier Pub. Co.,* 205 F2d 644 (2d Cir 1953); *Peagler v. Phoenix Newspapers, Inc.,* 114 Ariz 309, 560 P2d 1216 (1977); *General Motors Acceptance Corporation v. Howard,* 487 SW2d 708 (SC Tex 1972). We are more persuasively influenced, however, by our own constitution and one Oregon Supreme Court case which concerns libel of a partnership. In *Marr et al v. Putnam et al,* 196 Or 1, 246 P2d 509 (1952), the court reversed a judgment of nonsuit, holding that it was a question of fact whether statements in a newspaper article exposing an unnamed "radio racket" applied to plaintiffs, the owners of a radio repair business. In deciding that plaintiffs were entitled to present testimony of witnesses who had read the publication and understood that it referred to plaintiffs, the court stated:

"The plaintiff is entitled to recover if he can show the defamatory words were understood as referring to him by persons who knew him, or if the words are such that the world would apply them to the plaintiff." 196 Or at 18.

■ In the present case, defendants published the name of the corporation, but not plaintiff's name. However, because plaintiff's surname is part of the corporation name, it is possible that persons hearing the remarks would understand them to refer to plaintiff. As was held in *Marr,* plaintiff should be allowed to prove that he was in fact personally libeled.[1] We, therefore, hold that if plaintiff can

---

[1] This conclusion is reinforced by the Oregon Constitution which gives each citizen an express right to bring an action for defamation. Article I, § 10 states:

prove that the defamatory remarks directed against the corporation also concerned him personally, he will have proved a cause of action for libel.

 We next turn to the pleading question raised by defendants on appeal.[2] ORCP 20 E(1) provides:

> "In an action for libel or slander it shall not be necessary to state in the complaint any extrinsic facts for the purpose of showing the application to the plaintiff of the defamatory matter out of which the cause of action arose; *but it shall be sufficient to state generally that the same was published or spoken concerning the plaintiff.* If such allegation is controverted, the plaintiff shall be bound to establish on the trial that it was so published or spoken." (Emphasis added.)

Plaintiff's complaint alleges that the corporation was defamed and that the remarks *"reflected* on plaintiff individually." The rule is clear that the pleading must allege that the remarks were 'published or spoken *concerning* the plaintiff." An allegation that a defamatory statement reflects poorly upon an individual is too broad to fit within the rule. Plaintiff, therefore, having failed to allege that the defamatory statements made against the corporation concerned him individually, has not pleaded a cause of action under ORCP 20 E(1). Where, as in this case, it is likely that plaintiff can cure the defect by pleading further, the judgment of dismissal should have allowed plaintiff leave to amend his complaint.

Reversed and remanded with instructions to allow plaintiff to file an amended complaint.

---

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

[2] Because a claim that plaintiff failed to state a cause of action may be raised for the first time on appeal, we will consider it. *Telford v. Clackamas County,* 44 Or App 399, 605 P2d 1365 (1980).