Argued and submitted September 5, 1986, reversed and remanded July 22, 1987

HUMPHREY,
*Appellant,*

*v.*

COLEMAN,
*Respondent.*

(83-1-222; CA A36839)

739 P2d 1081

D. Ronald Gerber, Florence, argued the cause and filed the brief for appellant.

Frederic D. Canning, Oregon City, argued the cause for

respondent. With him on the brief was Canning, Tait & McKenzie, P.C., Oregon City.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

In this personal injury negligence action, plaintiff appeals from a judgment on a directed verdict.[1] We reverse and remand.

Defendant was driving north on Highway 213 in Clackamas County at about 11 p.m. while intoxicated. Trooper Hupp saw him traveling at about 65-75 miles per hour in a 25 mile per hour zone, weaving from lane to lane. Hupp, after unsuccessfully attempting to stop him by turning on the overhead lights and the siren of his police car, requested assistance from other officers. Plaintiff, a State Trooper, was patrolling in the same area. He assisted by driving north on a street running parallel to Highway 213; he was not in pursuit but was trying to keep pace in order to cut defendant off if he turned onto a side street. He testified that, in order to keep up with the chase, he was driving faster than he ordinarily would, that he was in a residential area and was looking for cross traffic and that he was listening to radio transmissions in order to keep track of the chase. As a result, he was unable to stop at a stop sign, skidded 86 feet through an intersection, hit a guard rail and was injured.

The trial court granted defendant's motion for a directed verdict on the ground that, as a matter of law, the accident was not a foreseeable consequence of defendant's actions. Plaintiff assigns that as error. The crucial question in reviewing the directed verdict is whether any reasonable fact-finder, from the evidence presented, could conclude that defendant's conduct unreasonably created a foreseeable risk of injury to plaintiff. *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 17, 734 P2d 1326 (1987).

■ We conclude that the court erred. A jury could determine that it is reasonably foreseeable that, if an individual refuses to stop for a police car, assistance may be requested and that, in responding, an officer may drive at a high rate of speed on unfamiliar roads and have an accident. It is not necessary that the exact manner of harm be foreseen; the question is whether the harm is of the general kind to be anticipated from the conduct. *Fazzolari v. Portland School*

---

[1] Defendant moved to dismiss the amended notice of appeal which was filed by leave of this court under ORS 19.033(4). The motion is denied.

*Dist. No. 1J, supra,* 303 Or at 21. It was error to direct a verdict.

■       Plaintiff also assigns as error the granting of defendant's motion for partial summary judgment on the issue of punitive damages. Plaintiff argues that, although the motion was ostensibly for summary judgment under ORCP 47, defendant was actually asserting that plaintiff failed to plead facts sufficient to constitute a claim for punitive damages. Thus, he argues, it was functionally equivalent to an ORCP 21 motion and was not timely. We agree that defendant's motion was the functional equivalent of an ORCP 21 motion to dismiss for failure to plead facts sufficient to constitute a claim, because defendant's argument was directed at pleading deficiencies rather than the absence of genuine issues of material fact. However, defendant's mislabeling of the motion does not, in itself, require reversal.

> " 'While a motion for summary judgment may be based solely on the pleadings, it is then functionally equivalent to a motion to dismiss for failure to state a claim under Rule 12(b)(6) [the federal counterpart to ORCP 21A(8)] or a motion for judgment on the pleadings under Rule 12(c) [the federal counterpart to ORCP 21B].' " *Johnson v. Johnson,* 302 Or 382, 388 n 5, 730 P2d 1221 (1986); *quoting* 6 Moore, Taggart and Wicker, *Moore's Federal Practice* § 56.11 (2d ed 1986).

The court in *Johnson* further quoted from § 56.11 of *Moore's Federal Practice:*

> " 'If a motion is directed solely to the pleadings, the movant admits the truth of his adversary's well pleaded allegations but denies their sufficiency as a matter of law.' " 302 Or at 389.

Although the better way to test the sufficiency of a complaint is by an ORCP 21A(8) motion or by a motion for judgment on the pleadings, ORCP 21B; *Johnson v. Johnson, supra,* 302 Or at 388, defendant was not precluded from doing so in a motion for summary judgment.[2] We treat defendant's motion as the

---

[2] Defendant accompanied his motion with deposition testimony and a memorandum of law. He moved for summary judgment on the entire claim and contended that, in order for plaintiff to recover, he had to establish that defendant knew that he was being pursued by the officer. The court rejected that contention. In the alternative, defendant moved for partial summary judgment solely on the claim for punitive damages. The deposition testimony was not pertinent to the motion for partial summary judgment but was pertinent only to defendant's argument concerning the entire claim. Therefore, it is appropriate to treat the motion for partial summary judgment as the functional equivalent of an ORCP 21 motion based solely on the pleadings.

equivalent of a motion for judgment on the pleadings.

■  Plaintiff contends that defendant's motion was not timely, because it was filed after defendant had answered, and that ORCP 21 precludes a challenge to the sufficiency of the complaint at that juncture. The defense of failure to state facts sufficient to constitute a claim is not waived if it is not included in a defendant's first responsive pleading. It may be asserted in a responsive pleading, by motion for judgment on the pleadings, at trial, ORCP 21G(3), or for the first time on appeal. *Patzer v. Liberty Communications, Inc.*, 58 Or App 679, 650 P2d 141 (1982). The defense was timely raised.

Plaintiff's final contention is that the court abused its discretion in denying him leave to amend his pleadings after the dismissal of his claim for punitive damages. *See Walker v. Hinkle Northwest, Inc.*, 79 Or App 177, 717 P2d 1280 (1986). The court did not abuse its discretion in denying leave to amend. However, on remand, the court is not precluded from exercising its discretion to allow plaintiff to amend.[3]

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

[3] Plaintiff raises two additional assignments of error concerning rulings of the court on the admissibility of evidence. We do not address them, because the manner and context in which they might arise may well be different on retrial.