Argued and submitted January 19, appeal dismissed August 15, 2012, petition for review denied January 24, 2013 (353 Or 203)

GILBERTO PEDROSO,
*Petitioner-Appellant,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
10017849P; A146409

284 P3d 1207

James N. Varner filed the brief for appellant.

Ryan Kahn, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Haselton, Chief Judge.*

SCHUMAN, P. J.

---

* Haselton, C. J., *vice* Gillette, S. J.

## SCHUMAN, P. J.

Petitioner was convicted of murder after the jury rejected his defense that he was acting under an extreme emotional disturbance (EED) at the time of the killing. After an unsuccessful direct appeal, he filed a petition for post-conviction relief in which he alleged, among other claims, that his trial counsel provided constitutionally inadequate assistance by failing to communicate with him before trial, obtain a psychological evaluation of him, and otherwise present an EED defense. The state[1] filed a motion to dismiss the petition on the ground that the petition, along with its attachments, failed to state a claim upon which post-conviction relief could be granted. The post-conviction court granted the motion, ruling that, "accepting all the information as being true," petitioner failed to show that his trial counsel's alleged inadequacy "impacted his trial in any way." For the reasons that follow, we conclude that the post-conviction court's judgment is not appealable under ORS 138.525(3). *See Young v. Hill*, 347 Or 165, 173, 218 P3d 125 (2009) (ORS 138.525 "is unambiguous: petitions that fail to state a claim are meritless, and a judgment dismissing a petition as meritless is not appealable."). Accordingly, we dismiss the appeal.

The facts relevant to our disposition are procedural. A jury found petitioner guilty of murder, and he received a life sentence with a 25-year minimum. After an unsuccessful direct appeal, petitioner filed this petition for post-conviction relief. He alleged that his trial counsel's performance fell below constitutional standards in a number of ways, including:

- "Fail[ing] to consult with petitioner pending trial," by, among other things, not visiting petitioner or accepting his calls;

- "Fail[ing] to have an investigator";

- "Fail[ing] to make available to petitioner a copy of his discovery prior to trial";

---

[1] Defendant is the superintendent of Snake River Correctional Institution. For clarity, we refer to defendant in these post-conviction proceedings as "the state."

- "Fail[ing] to obtain a psychological evaluation of petitioner. Petitioner alleges that he was in jail for approximately 8 months before someone came to see him about any psychological issues. Petitioner never received the results of the evaluation nor did trial counsel discuss the results with petitioner";

- "Fail[ing] to pursue a reasonable offer" to resolve the case;

- "Fail[ing] to properly present an EED defense. Trial counsel presented no expert testimony or any testimony at all, other than through cross-examination, to support his defense";

- "Fail[ing] to object to a less than unanimous verdict for the EED factors"; and

- Failing to "properly advise petitioner regarding his right to allocution during sentencing" because petitioner's "failure to address the victim's family during sentencing may prejudice petitioner when he applies for parole after 25 years."

Petitioner attached various trial exhibits to his petition, as contemplated by ORS 138.580, which provides, among other things, that "[a]ffidavits, records or other documentary evidence supporting the allegations of the petition shall be attached to the petition."

The state, "pursuant to ORCP 21 A(8)," moved to dismiss the petition "on the grounds that petitioner has failed to allege ultimate facts sufficient to constitute a claim and has failed to satisfy the pleading requirements of ORS 138.580, which requires that 'records or other documentary evidence supporting the allegations of the petition shall be attached to the petition.'" The state advanced three arguments in support of the motion to dismiss: (1) that petitioner's allegations did not satisfy the requirements of ORS 138.530(1), which sets out the different grounds for post-conviction relief; (2) that he did not attach supporting evidence—"affidavits, records or other documentary evidence"—to his petition, as required by ORS 138.580; and (3) that, "for each of his claims petitioner has failed to allege any viable 'error' and any corresponding 'prejudice[.]'"

In response to the state's motion, petitioner submitted an affidavit that, apart from minor variances, included his personal averments to the various facts that were set forth in his petition. For example, whereas his petition stated "that trial counsel did not visit petitioner in jail pending trial, nor did trial counsel accept calls from petitioner," petitioner's affidavit stated, "During the course of that representation [my attorney] never came to visit me in jail. The only time he spoke with me was in court." Petitioner otherwise did not file a written opposition to the state's motion.

At a hearing on its motion to dismiss, the state argued that "it really is a situation in which the Department of Justice has reason to believe that the post-convictioner's claims are non-meritorious, and we believe it's our responsibility to bring that to the court's attention. This motion to dismiss in this case really seeks to do that." The state explained that "petitioner, as you know, has responded to our motion with an affidavit. However the affidavit does not provide any basis for denying the motion to dismiss." The state then proceeded to discuss various statements in the affidavit that fell into what it characterized as the "so what" category—that is, "even if the petitioner were correct, he still would not be entitled to post-conviction relief because he does not allege, mu[ch] less demonstrate, both error and prejudice."

Petitioner, for his part, argued that the petition, when viewed along with the supporting affidavit, established a *prima facie* case for post-conviction relief. As for the state's argument "that the affidavit does not point to prejudice or harm," petitioner argued that

"you have to look at the petition to talk about why that made a difference. If the court looks at the affidavit you can almost track paragraph by paragraph the claim that [petitioner] makes, or I make on behalf of [petitioner] in the petition, and it starts with paragraph 15, indicating that he believes that he received inadequate/ineffective assistance of counsel because of these things. And that, either together, either alone or all together they said to deny him adequate assistance."

In ruling on the state's motion, the post-conviction court began by addressing the nature of its review:

"[L]et me indicate, first of all, I think the proper basis for review on a motion to dismiss—the proper process for evaluation on a motion to dismiss on a post-conviction case is similar to a demurrer. In other words, whatever conversations, conflicting evidence or information, conflicting information is not considered. The issue is whether the plaintiff has submitted a—at least a *prima facie* basis for proceeding. In post-conviction relief the statutory language requires that, um, that the petitioner not only file a petition but also submit affidavits, records or other documentary evidence supporting their claim.

"So I agree with the state's argument that that statutory language, at a minimum, requires the submission of some evidence along with the petition to show at least an arguable basis for their petition. That there's some evidence supporting their petition. And that evidence, along with the petition, should be viewed—assuming—accepting all the information as being true to see if there's a basis for post-conviction—going forward with post-conviction relief.

"The difficulty I have, [counsel], is even looking at the affidavit I don't find any evidence supporting [petitioner's] claim. In order to be able to proceed on post-conviction relief [petitioner] not only needs to show that his attorney, trial attorney, failed to perform in a constitutionally adequate manner, but that failure changed the result of the—or likely to have changed the result of the trial.

"The difficulty is even if I assume [petitioner's] complaints in his affidavit relate to a constitutional inadequacy, there's no showing of any nature that that impacted his trial in any way."

The court then discussed the allegations in the affidavit (which the court treated as part of the petition under ORS 138.580) and concluded that there was no showing, as to any of those claimed inadequacies, of how the outcome of the case would have been any different. The court concluded, "So even with considering [petitioner's] affidavit and looking at the exhibits, I find nothing to support, even from an arguable standpoint, supporting [petitioner's] claim for post-conviction relief. So I'm going to grant the motion to dismiss on that basis." In a written order, the court explained that it "hereby finds that the Formal Petition for Post-Conviction Relief fails to allege ultimate facts sufficient to constitute a claim and that said

failure is not cured by petitioner's affidavit, for the reasons set forth [at the hearing]." The court subsequently entered a judgment denying the petition and dismissing the action with prejudice.[2]

On appeal, petitioner advances the following assignment of error: "The post-conviction court erred in allowing [the state's] motion to dismiss in this case, *based on a ruling that petitioner failed to allege facts sufficient to constitute a claim for post-conviction relief.*" (Emphasis added.) Petitioner agrees that the post-conviction court applied the correct legal standard:

> "The post-conviction trial court in the instant case was right about one thing, that when considering a motion to dismiss such as the motion to dismiss the instant case filed pursuant to ORCP 21 A(8) for failure to state a claim for relief, the issue is whether, *assuming the truth of the allegations*, the petitioner has alleged a *prima facie* claim for relief. *See, e.g., Humphrey v. Coleman*, 86 Or App 511, 515, 739 P2d 1081 (1987) (if a motion is directed solely to the pleadings, the movant admits the truth of his adversary's well pleaded allegations but denies their sufficiency as a matter of law)."

(Emphasis by petitioner.) In petitioner's view, "[h]owever, the post-conviction court's *analysis* in the instant case is wrong." (Emphasis added.) Specifically, he contends that the allegations in the petition and its attachments, when viewed in his favor, stated numerous claims upon which post-conviction relief could be granted. For instance, with regard to claims that trial counsel failed to consult with him and provide him with discovery, he argues that the court's ruling that he did not adequately allege prejudice "simply ignores the allegation that petitioner was unable to assist in his defense." For that reason, he contends, "[t]he post-conviction trial court erred in holding that th[ese] claim[s] did not state a claim for post-conviction relief."

---

[2] At the post-conviction trial and again on appeal, the state argued that, under ORS 138.580, the court could not consider the facts attested to in the affidavit unless they were supported by documentary submissions. The trial court, in assuming the truth of the facts, did not reach that argument, and neither do we.

Likewise, with regard to his claim that trial counsel failed to obtain an investigator, petitioner argues that the court imposed a pleading barrier that was too high:

"The post-conviction trial court erred in holding that this claim did not state a claim for post-conviction relief, and that petitioner had to show, in his petition for post-conviction relief how he was prejudiced thereby. Again, the issue on a motion to dismiss is whether the allegation, assuming its truth, states a claim for relief, not whether petitioner attached to the petition all possible evidence in support of this claim."

Petitioner's other arguments similarly contend that the petition and affidavit state a claim for post-conviction relief.

In sum, petitioner does not dispute that the post-conviction court entered a judgment that dismissed his petition for failure to state a claim for relief. Indeed, the premise of his appeal is that the court erred in that regard because the allegations, viewed in light of the documents submitted with the petition, sufficiently state claims upon which relief can be granted.

The state, in its response brief, accepts petitioner's framing of the issues and legal standards, and defends the post-conviction court's ruling on its merits. That is, the state argues that (1) even assuming that neither petitioner's counsel, nor his investigator, visited him at the jail, and that counsel never gave petitioner a copy of the discovery, "petitioner made no allegation about how he was prejudiced as a result. That is, petitioner did not allege—nor did any of his attached evidence show—how he believed that the trial would have proceeded any differently based on jail visits or his receipt of discovery"; (2) even assuming trial counsel was required to arrange for an earlier psychological evaluation, "petitioner did not allege how counsel's failures in those respects would have tended to have any effect on the outcome of trial"; (3) petitioner "did not allege that his counsel was actually inadequate in any way" regarding plea negotiations, and petitioner "did not allege prejudice, because he did not contend (or attach evidence to show) that the prosecutor would have made the petitioner an offer," or that the prosecutor or petitioner would have accepted a plea; (4) to the extent that "petitioner believed that his

counsel should have presented expert testimony to support his EED defense, he was required to allege that fact"; and (5) "no reasonable defense attorney would have insisted upon a unanimous verdict for the EED defense, because [petitioner]—not the state—had the burden to prove [the defense at trial]."

All that is to say that the parties debate on appeal whether petitioner has, as a matter of law, stated a claim upon which post-conviction relief may be granted. Neither petitioner nor the state addresses the threshold question lurking in this case: whether the post-conviction court's determination in that regard is *appealable*. ORS 138.525(3) states, in no uncertain terms, that "[n]otwithstanding ORS 138.650, a judgment dismissing a meritless petition is not appealable." A "meritless petition," in turn, is defined as "one that, when liberally construed, *fails to state a claim upon which post-conviction relief may be granted*." ORS 138.525(2).

In *Young*, 347 Or at 170-71, the Supreme Court explained that that definition of a meritless petition was drawn "from the habeas statutes [ORS 34.370(6) and (7)]" and "also echoes ORCP 21 A(8), which authorizes motions to dismiss for failure to state a claim in civil proceedings generally." (Footnote omitted.) *See Mueller v. Benning*, 314 Or 615, 621 n 6, 841 P2d 640 (1992) (unless otherwise provided in the post-conviction statutory scheme, the Oregon Rules of Civil Procedure apply to post-conviction proceedings). The court further explained in *Young* that "[n]either ORS 138.525 nor any other source of law requires the judgment expressly to designate a petition as meritless," nor "must the judgment expressly recite that the dismissal is for failure to state a claim." 347 Or at 171. Rather, "[t]he only question is whether, in fact, that is the ground on which the trial court dismissed the petition." *Id.*

In this case, the court's oral ruling, order, and judgment are, as they were in *Young*, "unambiguous: the trial court granted the state's motion to dismiss for failure to state a claim." 347 Or at 173. Indeed, as explained above, the parties *agree* that the post-conviction court dismissed the petition "for failure to state a claim."[3] And, as the

---

[3] Although the post-conviction court also looked to supporting materials submitted by petitioner under ORS 138.580, the court's ruling was that, even

court explained in *Young*, the consequence is a harsh one: "[T]he statute is unambiguous: petitions that fail to state a claim are meritless, and a judgment dismissing a petition as meritless is not appealable." *Id.*

That result—our inability to review on appeal a post-conviction court's potential error, or even manifest error, in determining whether the petition states a claim upon which relief may be granted—is counterintuitive. In essence, because this court is the only forum in which a judgment dismissing a post-conviction petition for failure to state a claim can be reviewed, the statute confers on post-conviction trial courts the option to declare themselves infallible through the simple expedient of announcing that a petition is dismissed for failure to state a claim.[4] But, as the Supreme Court recognized in *Young*, the relevant inquiry is not whether "newly conceived and potentially worthy theories for post-conviction relief may escape examination by the appellate courts if there is no right to appeal from any judgment dismissing a petition for failure to state a claim." 347 Or at 174. Rather, ORS 138.525 represents a legislative policy choice that is "an unqualified one," and "[w]hether we agree or not with the wisdom of that policy, it is a policy that the legislature is entitled to adopt." *Id.* at 174-75. And should a post-conviction petitioner contend that the statute violates the Due Process Clause, that argument, as well, is foreclosed; in a footnote, the Supreme Court rejected without discussion the petitioner's contention that he had a "constitutional right to an appeal in a post-conviction matter, either under the Due Process Clause or some other provision in the United States or Oregon constitutions." 347 Or at 173 n 6.

Thus, whatever the merits of the parties' respective positions in this case regarding petitioner's claims for relief,

---

viewed in light of those submissions, the petition itself did not state a claim upon which post-conviction relief could be granted. 251 Or App at 693. *See Young*, 347 Or at 173 (dismissing appeal where "the trial court reviewed petitioner's petition for relief, reviewed the indictment (which was attached to the petition), entertained legal arguments in support of and opposition to the state's motion to dismiss, and decided that the state's position on the motion was correct"); *cf. Handam v. Wilsonville Holiday Partners, LLC*, 221 Or App 493, 495, 190 P3d 480 (2008) (taking the facts "from plaintiff's complaint and its attachments" when reviewing the sufficiency of the plaintiff's complaint).

[4] We do not mean to imply that the post-conviction court intended that result in this case.

we are not at liberty to address them. The post-conviction court entered a judgment after granting the state's motion to dismiss the petition for failure to state a claim upon which post-conviction relief may be granted, and that judgment is not appealable under ORS 138.525.[5] We must therefore dismiss the appeal.

Appeal dismissed.

---

[5] The judgment states that, "having previously granted [the state's] Motion to Dismiss, NOW, THEREFORE, IT IS ADJUDGED that petitioner's Formal Petition for Post-Conviction Relief is denied, and this action is dismissed with prejudice." (Uppercase in original.) As the Supreme Court noted in *Young*, 347 Or at 174 n 7, there is a "potential anomaly" in the text of ORS 138.525: Subsection (1) authorizes a court to *deny* a meritless petition, whereas subsections (3) and (4) refer to judgments *dismissing* meritless petitions. The parties in *Young* did not "attribute[] significance to that textual distinction in that statute," 347 Or at 174 n 7, and we do not perceive any.