Submitted September 28, 2012, affirmed January 30, petition for review denied May 16, 2013 (353 Or 562)

JEFFREY S. ROSS,
*Petitioner-Appellant,*

*v.*

Steve FRANKE,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV100653; A147989

297 P3d 486

James N. Varner filed the brief for the appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for the respondent.

Before Armstrong, Presiding Judge, and Duncan, Judge, and Brewer, Judge pro tempore.

DUNCAN, J.

**DUNCAN, J.**

Petitioner appeals from a judgment dismissing his formal petition for post-conviction relief with prejudice. Petitioner contends that the post-conviction court erred when it granted the state's motion to dismiss his petition for failing to attach "[a]ffidavits, records or other documentary evidence supporting the allegations of the petition," as required by ORS 138.580. We hold that, because petitioner failed to attach any documentary evidence supporting the allegations in his petition, the post-conviction court did not err in dismissing the petition for failing to comply with ORS 138.580. We therefore affirm.

A Benton County jury convicted petitioner of multiple counts of first-degree rape, first-degree sodomy, using a child in a sexually explicit display, and first-degree sexual abuse, and one count of first-degree unlawful sexual penetration for crimes committed against multiple victims between January 1, 1995, and May 10, 1996. Petitioner was sentenced to a term of incarceration of 94 years and 3 months.

Petitioner filed an informal petition for post-conviction relief on May 5, 2010. Primarily, petitioner alleged ineffective and inadequate assistance of his trial counsel due to counsel's failure to investigate and introduce evidence of one of the victim's medical history. *See* US Const, Amend VI, XIV (guaranteeing right to effective counsel); Or Const, Art I, § 11 (guaranteeing right to adequate assistance of counsel). According to petitioner, the state's medical expert examined the victim on September 13, 2000, and concluded that the victim had been sexually abused. The state's medical expert testified as to the cause of the abuse and the identity of the abuser, and petitioner alleged that his trial counsel was ineffective and inadequate in failing to object to that testimony. Petitioner also alleged that his trial counsel failed to investigate and thereby obtain information regarding a medical examination performed in 1991, when the victim was seven years old, regarding possible injury to the victim's genitals due to abuse by an older boy. Petitioner alleged that the injuries observed when the victim was seven were similar to the injuries described by the state's medical expert in 2000 and attributed to petitioner.

Significantly, the petition also stated:

"NOTICE TO COURT: Petitioner is attaching the exhibits
which he feels will support the above claims. Once counsel
has been appointed, and the discovery process is completed,
Petitioner requests permission to file a Formal or Amended
Petition with additional exhibits."

Despite the notice, petitioner did not attach any supporting
documents or exhibits to his informal petition.

The court appointed counsel for petitioner on May 17,
and on November 3, counsel filed a "Notice that *Pro Se* Post
Conviction Relief Petition is Petitioner's Formal Petition."
Petitioner's counsel did not file any supporting documents
or exhibits with the notice. On November 26, the state filed
a motion to dismiss the petition for failing to comply with
the attachment provision of ORS 138.580, which states that
"records or other documentary evidence supporting the
allegations of the petition shall be attached to the petition."[1]
The post-conviction court conducted a hearing on February 18,
2011. Petitioner argued that his primary claim for post-
conviction relief was that his trial counsel "failed to
challenge the state's expert opinion testimony that was
offered in this case[.]" Petitioner contended that the post-
conviction court should deny the state's motion to dismiss
because "petitioner need not make his *prima facie* case at
the time he files his formal petition, and that's really what
the state's arguing here."

During the hearing, petitioner's counsel declined to
offer as an exhibit the child abuse medical report from when
the victim was seven years old:

"[STATE:] [T]wo days ago, we received a document by
fax from [petitioner's attorney]. It's a child abuse medical
workup. It looks like it was a report generated around July
of 1991. I don't know, has the court received that document?

---

[1] No party argues that the post-conviction court dismissed the petition pursuant
to ORS 138.525, which authorizes a post-conviction court to dismiss a petition if it
is "meritless," and which provides that, "[a]s used in this section, 'meritless petition'
means one that, when liberally construed, fails to state a claim upon which post-
conviction relief may be granted." Because the post-conviction court did not dismiss
petitioner's petition pursuant to ORS 138.525, petitioner can appeal the dismissal.
*Contra Young v. Hill*, 347 Or 165, 173-74, 218 P3d 125 (2009) (under ORS 138.525(3),
an order dismissing a post-conviction petition as meritless is not appealable);
*Pedroso v. Nooth*, 251 Or App 688, 698, 284 P3d 1207 (2012) (same).

"THE COURT:   No, I have not.

"[STATE:]   Okay. It's the understanding, receiving that from [petitioner's counsel], that the petitioner may be relying on that document to try to avoid dismissal based on the [state's] motions. If [petitioner's counsel] is not going to offer that document, I do not need to address it further. If he is going to offer that document, I would like an opportunity to respond to that further.

"THE COURT:   [Petitioner's counsel]?

"[COUNSEL FOR PETITIONER:]   Your Honor, I did not intend to offer that as an exhibit, or I would have sent a copy to the court.

"* * * * *

"[COUNSEL FOR PETITIONER:]   I do have in my possession a one-page document that was an exam that was performed I believe in 1991, and I believe the victim was, like, seven years old at that time. So this was, like, four or five years before the alleged conduct by [petitioner]. [Petitioner] provided me that document, felt that document was important, and important possibly to submit as an exhibit in his case. So that's the reason I sent that."

At the conclusion of the hearing, the court granted the state's motion to dismiss and dismissed the petition with prejudice. Petitioner timely filed a notice of appeal on March 2, 2011.

We review a post-conviction court's legal conclusions for legal error. ORS 138.220; *Horn v. Hill*, 180 Or App 139, 141, 41 P3d 1127 (2002). We interpreted the attachment provision of ORS 138.580 in *Ogle v. Nooth*, 254 Or App 665, 298 P3d 32 (2013), decided this date. The petitioner in *Ogle* attached the indictment, judgment, and trial transcripts to his formal petition for post-conviction relief. After the state filed a motion to dismiss for failure to comply with the attachment provision of ORS 138.580, the petitioner submitted two affidavits, both by himself. Following a hearing, the post-conviction court granted the state's motion to dismiss. The petitioner appealed, and we reversed the post-conviction court.

After examining the text, context, and legislative history of the attachment provision, we held that it "requires a petitioner to attach documents that tend to

verify, corroborate, or substantiate the assertions that the petitioner has undertaken to prove." *Ogle*, 254 Or App at 672. The petitioner's first claim was that counsel had failed to meet with a key defense witness before trial. The petitioner's affidavit supported that claim by explaining that, if counsel had met with the witness and reviewed her statements in the police reports with her, she would have testified to the events in chronological order, which would have helped petitioner prove that he had acted in self-defense. The petitioner's second and third claims alleged that counsel had failed to appropriately investigate the victim's medical history or present that evidence to the jury. The petitioner's affidavit supported those allegations because it stated that the victim's medical records showed that she had an abscessed tooth, not a fracture, and that counsel had failed to present that fact to the jury. The petitioner's fourth claim was that trial counsel had failed to cross-examine the state's medical expert regarding the victim's tooth. In his affidavit, the petitioner suggested additional cross-examination of the medical expert that would tend to cast doubt on whether the victim's injury was actually caused by the petitioner. Consequently, the affidavit supported the petitioner's allegation that his trial counsel had been ineffective and inadequate by failing to cross-examine the medical expert regarding the victim's tooth. Thus, we held that the documentary evidence that the petitioner had attached satisfied the requirements of ORS 138.580. *Ogle*, 254 Or App at 675.

In the present case, although petitioner stated in his petition that he was attaching exhibits in support of his allegations, he did not attach any documentary evidence to his petition. Petitioner faxed a copy of the 1991 child abuse report regarding the victim to the state before the hearing, but he did not amend his petition to include the report, nor did he enter the report into the record at the hearing, despite being given the opportunity to do so. Thus, even assuming that petitioner could have amended his petition by entering the report into the record at the hearing, he did not do so. Because the report is not in the record, we cannot determine whether it would have been sufficient to defeat the state's motion to dismiss for failure to comply with ORS 138.580.

At the hearing, petitioner argued that the attachment requirement did not require him to make out a *prima facie* case in his petition or to have all his evidence in order at the time of filing the petition. We agree. Nevertheless, petitioner was required to attach *some* documentary evidence tending to verify, corroborate, or substantiate the allegations in his petition. *Ogle*, 254 Or App at 672. We conclude that, having attached no documents to his petition, petitioner failed to comply with the attachment requirement of ORS 138.580. The trial court did not err in so holding.

Affirmed.