Argued and submitted May 31, 2012, reversed and remanded January 30, petition for review allowed June 20, 2013 (353 Or 747)

KEITH KENDON OGLE, SR.,
*Petitioner-Appellant,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
10108394P; A148493

298 P3d 32

James N. Varner filed the brief for appellant.

Ryan Kahn, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

DUNCAN, J.

**DUNCAN, J.**

Petitioner appeals from a judgment dismissing his formal petition for post-conviction relief. Petitioner argues that the post-conviction court erred when it granted the state's motion to dismiss his petition for failing to attach "[a]ffidavits, records or other documentary evidence supporting the allegations of the petition," as required by ORS 138.580. We agree with petitioner and, therefore, reverse and remand.

A jury convicted petitioner of second-degree assault constituting domestic violence, possession of methamphetamine, and two counts of endangering the welfare of a minor. The trial court imposed a total sentence of 76 months' imprisonment, with 36 months' post-prison supervision.

Petitioner filed an informal petition for post-conviction relief on October 18, 2010. The court appointed counsel for petitioner, and petitioner filed a formal petition for post-conviction relief on February 18, 2011. Petitioner alleged that his counsel was ineffective and inadequate in four respects: specifically, (1) in failing to meet with a defense witness before trial; (2) in failing to adequately investigate the victim's hospital records; (3) in failing to present evidence of the victim's medical records during trial; and (4) in failing to cross-examine Dr. Gary Pederson regarding evidence that the victim's injury could have been the result of an abscessed tooth, rather than an assault by petitioner. US Const, Amend VI, XIV (guaranteeing the right to effective assistance of counsel); Or Const, Art I, § 11 (guaranteeing the right to adequate assistance of counsel). Petitioner attached the indictment, judgment, and trial transcripts to the formal petition.

On March 21, 2011, the state filed a motion to dismiss the petition for failing to state a claim under ORCP 21 A(8) and failing to comply with the attachment requirements of ORS 138.580. ORS 138.580 provides, in relevant part, "Affidavits, records or other documentary evidence supporting the allegations of the petition shall be attached to the petition." Petitioner filed a response and attached two affidavits, both by himself, to it.

At a hearing on April 22, 2011, the state contended that petitioner was required to attach documentary evidence to his petition sufficient to present a *prima facie* case on his claims. According to the state, to present a *prima facie* case on his first claim—counsel's ineffective and inadequate preparation of a defense witness—petitioner was required to attach an affidavit from that witness stating that she would have testified differently if counsel had met with her before trial. The state argued that in order to make out a *prima facie* case on petitioner's second and third claims— counsel's failure to investigate and present the victim's hospital records at trial—petitioner was required to attach the victim's hospital records. Finally, the state asserted that petitioner should have attached Pederson's answers to the questions that petitioner believed Pederson should have been asked, or should have indicated the steps petitioner was taking to obtain those answers.

Petitioner responded that he had attached sufficient documentary evidence to comply with ORS 138.580. Petitioner's counsel stated that,

> "in each one of the claims in the Petitioner's petition for post-conviction relief, he does specifically state in his affidavit that each one of those things occurred. * * * [T]here is enough evidence on the record for this Court to allow this case to go past the motion to dismiss so that we can continue to prepare for trial and submit additional exhibits."

The court granted the state's motion to dismiss for failure to comply with ORS 138.580, stating:

> "I'm going to grant the motion to dismiss. The petition alleges that the trial counsel failed to do certain things. And, in a post-conviction relief when there is an allegation that trial counsel failed to do certain things, the Petitioner has the obligation of providing, to avoid a motion to dismiss, at least some evidence, some type of admissible evidence that suggests that there is a basis for these—for these claims. And, in a claim like this, the obligation is to show what would have happened had the attorney done what is claimed he didn't do, or she didn't do, and how that would have changed the outcome of the case. And, the only thing we have is [petitioner's] affidavit saying what he thinks

people would have said had certain things been done. That's not admissible evidence. If you—if you want to show what [the witness] would have said, then you have to get something from [the witness] to show what she would have said in response to these—if certain questions had been asked. If you want to show that—that the trial counsel failed to investigate the victim's hospital records, you need to provide those hospital records and show how that may have changed the outcome. If you want to claim that he failed to present evidence of medical records, then you have to produce those medical records and show what those medical records are and what they would do.

"And, if you are claiming that he failed to cross-examine Dr. Pederson, then you need to have something from Dr. Pederson showing what his answers would have been if certain questions would have been asked. Simply having [petitioner] submit an affidavit setting forth what he thinks somebody would have said—in fact, we don't even have the police report. He is claiming that there is a police report that suggests [the witness] made statements to the police that were inconsistent with—with what—what was said at trial. We don't even have the police reports and—and clearly, [petitioner's] assumption of what the person would have said, if the certain questions had been asked, is not—is not sufficient. It doesn't—he is not in a position to testify as to what that person would have said. You have to have something from [the witness] to show what [the witness] would have said.

"So, there's essentially nothing that has been provided to support the—the petition for post-conviction relief. So, I'm going to grant the motion to dismiss."

The court entered a judgment on April 26, 2011, specifying that it was dismissing the petition for failure to comply with ORS 138.580. Petitioner timely filed a notice of appeal on May 2, 2011.

On appeal, petitioner argues that the trial court erred in dismissing his petition for failing to comply with ORS 138.580. Petitioner renews his argument that he attached sufficient documentary evidence to his petition to satisfy ORS 138.580. The state responds that the trial court correctly dismissed the petition for failing to comply with ORS

138.580.[1] In the state's view, that provision requires "a post-conviction petitioner to present more than mere allegations before allowing the case to go beyond the pleading stage," in contrast to the more lenient requirements of typical civil fact pleading. The state argues that ORS 138.580 requires a petitioner to attach admissible evidence that substantiates the allegations necessary to his claims for relief enough to make out a *prima facie* case for each claim.[2] For a claim of ineffective or inadequate assistance of counsel, the state asserts that a petitioner must "attach evidence supporting both elements necessary to the claim: (1) what aspect of counsel's performance was inadequate, and (2) how did that performance tend to affect the result of the prosecution."

The state argues that, to comply with the attachment provision with respect to his first claim, petitioner had to submit evidence showing that trial counsel did not meet with the defense witness, as well as an affidavit or declaration from the witness explaining how her testimony would have differed if counsel had met with her before trial. The state contends that, to comply with the attachment provision with respect to his second and third claims, petitioner had to attach documents showing that his trial counsel did not obtain the hospital records, and petitioner also had to attach

---

[1] No party argues that the post-conviction court dismissed the petition pursuant to ORS 138.525, which authorizes a post-conviction court to dismiss a petition if it is "meritless," and which provides that, "[a]s used in this section, 'meritless petition' means one that, when liberally construed, fails to state a claim upon which post-conviction relief may be granted." In all events, the petition here states a claim; it alleges facts that, if true, give rise to a claim for relief. *See Young v. Hill*, 347 Or 165, 171, 218 P3d 125 (2009) ("To plead a claim for relief, a party must allege the factual basis for a claim for relief[.]"); *Billings v. Gates*, 323 Or 167, 182, 916 P2d 291 (1996) (under ORS 34.680, which is worded similarly to ORS 138.525, a habeas corpus petitioner must allege sufficient facts that, if true, give rise to a claim for relief).

Because the post-conviction court did not dismiss petitioner's petition pursuant to ORS 138.525, petitioner can appeal the dismissal. *Contra Young*, 347 Or at 173-74 (under ORS 138.525(3), an order dismissing a post-conviction petition as meritless is not appealable); *Pedroso v. Nooth*, 251 Or App 688, 698, 284 P3d 1207 (2012) (same).

[2] We note that the state's proposed construction on appeal is narrower than the one it made before the post-conviction court. The state indicated to the post-conviction court that petitioner could fulfill the attachment requirement by either making out a *prima facie* case for each element or by explaining why he was unable to obtain the documentary evidence that would allow him to do so. On appeal, however, the state argues that petitioner is required to attach documents that make out a *prima facie* case for each claim.

the records themselves. Finally, the state argues that, to comply with the attachment requirement with respect to his fourth claim, petitioner had to attach documents showing what cross-examination his trial counsel should have conducted with Pederson and how Pederson would have testified if counsel had cross-examined him differently.

We review a post-conviction court's legal conclusions for legal error. ORS 138.220; *Horn v. Hill*, 180 Or App 139, 141, 41 P3d 1127 (2002). To determine whether the court erred in concluding that petitioner's attached documentation failed to satisfy the requirements of ORS 135.580, we must interpret that provision, examining its text and context. *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). In ascertaining the meaning of words of common usage, a dictionary provides guidance. *See id.* at 175, 175 nn 13-15. The first phrase of the attachment provision of ORS 138.580 is "Affidavits, records or other documentary evidence." The key term is "documentary evidence." The word "documentary" is defined as "being or consisting of documents: contained or certified in writing <~evidence> * * *." *Webster's Third New Int'l Dictionary* 666 (unabridged ed 2002). The relevant meaning of "evidence" is "something that furnishes or tends to furnish proof * * * *specif* : something legally submitted to a competent tribunal as a means of ascertaining the truth of any alleged matter of fact under investigation before it * * *." *Id.* at 788. The legal definition of "evidence" is quite similar, "Something (including testimony, documents and tangible objects) that tends to prove or disprove the existence of an alleged fact * * *." *Black's Law Dictionary* 635 (9th ed 2009). Finally, the legal definition of "documentary evidence" is "[e]vidence supplied by a writing or other document, which must be authenticated before the evidence is admissible." *Id.* at 637.

We also look to how "evidence" is used in other parts of the Post-Conviction Hearing Act (PCHA) to discern whether, as the state asserts, the legislature intended "evidence" to mean "admissible evidence." ORS 138.620(2), which describes the post-conviction hearing process, states that, "[i]f the petition states a ground for relief, the court shall decide the issues raised and may receive proof by affidavits, depositions, oral testimony or other

competent evidence." "Competent evidence" is a synonym for "admissible evidence."[3] The legislature's decision to require "competent evidence" at the post-conviction hearing contrasts with its decision to require a petitioner to attach "evidence" supporting his petition in ORS 138.580. The contrast demonstrates that the legislature knew how to require a post-conviction petitioner to present admissible evidence and suggests that the "evidence" that a petitioner attaches pursuant to ORS 138.580 need not necessarily meet the admissibility requirements that will be applied at the later hearing. We therefore conclude that "documentary evidence" means written documents that are submitted to the post-conviction court that tend to prove or disprove the existence of an alleged fact.

The next phrase of the attachment provision is "supporting the allegations of the petition." ORS 138.580. The key words in that phrase are "supporting" and "allegations." The legislature could have chosen to use a word denoting that a petitioner was required to conclusively demonstrate a point, such as "prove" or "establish," but it did not. As pertinent here, "support" means "to serve as verification, corroboration, or substantiation of ***." *Webster's* at 2297. "Allegation" is defined as "something asserted or declared *** *specif*: a statement by a party to a legal action of what he undertakes to prove ***." *Id.* at 55. Thus, "supporting the allegations of the petition" means documentary evidence that verifies, corroborates, or substantiates the assertions that the petitioner has undertaken to prove.

The final phrase of the attachment provision, "shall be attached to the petition," is straightforward. The general rule is that "'shall' connotes the imperative." *Benzinger v. Oregon Dept. of Ins. and Finance*, 107 Or App 449, 451, 812 P2d 36 (1991) (quoting *Stanley, Adm. v. Mueller*, 211 Or 198, 208, 315 P2d 125 (1957)). The state asserts that the legislative history of ORS 138.580 also shows that the attachment requirement is compulsory. We agree. In 1959, when the legislature enacted the original PCHA, the attachment provision of ORS 138.580 provided: "Affidavits, records or other documentary evidence supporting the

---

[3] "Competent evidence" is defined as: "**1.** See *admissible evidence.* **2.** See *relevant evidence.*" *Black's* at 636.

allegations of the petition shall be attached to the petition, *or the petition shall state why they are not attached.*" Or Laws 1959, ch 636, § 8 (emphasis added). In 1993, the legislature amended ORS 138.580, deleting the emphasized language. Or Laws 1993, ch 517, § 4. At a 1993 hearing before the House Judiciary Subcommittee on Crime and Corrections, Assistant Attorney General Brenda Peterson testified regarding the change:

> "The other thing the proposed amendments would do would be to amend ORS 138.580 to delete a portion of a sentence at the end of that statute which essentially would provide, after amendment, that an inmate—a petitioner—in a post-conviction case needs to attach affidavits, records, or other evidence supporting the allegations in the petition, period. And they would not have the out that they currently have, that they could just explain why they didn't do so."

Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 2352, Apr 7, 1993, Tape 70, Side A (statement of Brenda Peterson). The plain language and legislative history of the attachment provision demonstrate that the legislature intended that it be mandatory. Thus, we conclude that the attachment provision requires a petitioner to attach documents that tend to verify, corroborate, or substantiate the assertions that the petitioner has undertaken to prove.

We now consider whether the post-conviction court erred in concluding that petitioner failed to attach sufficient documentation to comply with ORS 138.580. Petitioner attached the indictment, judgment, and trial transcripts to his formal petition for post-conviction relief, filed on February 18, 2011. The state moved to dismiss on March 21, and petitioner attached supplemental exhibits—two affidavits by petitioner—on April 14. The first affidavit explained why petitioner believed his trial counsel had been ineffective and inadequate. That affidavit identified the actions that petitioner believed trial counsel had failed to take and how petitioner believed that failure had prejudiced his case. The second affidavit was handwritten by petitioner. It provided additional questions (and proposed answers) that petitioner believed his counsel should have asked the victim and a defense witness.

We hold that the trial court erred in granting the state's motion to dismiss for failure to comply with the attachment requirement of ORS 138.580. Petitioner attached several documents tending to corroborate the assertions that he made in his petition. Petitioner's first claim is that counsel failed to meet with a key defense witness before trial. Petitioner's first affidavit supports his claim by explaining that, if counsel had met with the witness and reviewed her statements in the police reports with her, she would have testified to the events in chronological order, which would have helped petitioner prove that he acted in self-defense. The state argues that petitioner failed to comply with ORS 138.580 because he submitted no evidence showing that counsel *did not* meet with the witness before trial. The state also argues that petitioner should have submitted an affidavit from the witness explaining how she would have testified differently if counsel had met with her before trial. Although the state's suggested evidence would have strengthened petitioner's case, petitioner's evidence nevertheless supports his claim. His affidavits indicate that his counsel did not meet with the witness in that they suggest how, *if* counsel had met with her, she would have testified differently, and they also suggest that the different testimony would have been more favorable to petitioner's case.

Petitioner's second and third claims allege that counsel failed to properly investigate the victim's medical records or present that evidence to the jury. Petitioner's first affidavit states that the victim's medical records show that she had an abscessed tooth, not a fracture, and that counsel failed to present this fact to the jury. The state argues that petitioner was required to attach the victim's hospital records. Because petitioner's affidavit corroborates the allegations in his petition, he was not required to attach the hospital records.

Petitioner's fourth claim is that counsel was ineffective and inadequate in failing to cross-examine Pederson regarding the victim's tooth. The trial transcript, which petitioner attached to his formal petition, shows that counsel did not cross-examine Pederson on that point. The state argues that petitioner was required to attach evidence

showing what additional cross-examination his counsel should have conducted with Pederson and how Pederson would have answered differently if that cross-examination had been conducted. In his first affidavit, petitioner asserts that his trial counsel should have asked Pederson why it took him two and a half weeks to discover the victim's fracture. He also asserts that his counsel should have asked Pederson how the diagnosis could progress from a sprain, to an abscessed tooth, to a fracture. Petitioner asserts that trial counsel's failure to ask those questions prejudiced his case. The cross-examination that petitioner suggests in his affidavit would have tended to cast doubt on whether the victim's injury was actually caused by petitioner. Consequently, the affidavit supports petitioner's allegation in his petition that his trial counsel was ineffective and inadequate by failing to cross-examine Pederson regarding the victim's tooth.

In sum, petitioner set out the theories, both factual and legal, underlying his claims and attached his affidavits in support of those theories. By doing so, he made a showing sufficient for him to be allowed to proceed with the development of his case, through discovery and the use of subpoenas to secure witnesses and documents, and to a post-conviction hearing where he could present his case.[4]

The state would require petitioner to attach admissible evidence that substantiates the allegations necessary to his claims for relief such that he can make out a *prima facie* case on each claim. We decline to adopt the state's interpretation of the attachment requirement for three reasons. First, as discussed earlier, ORS 138.580 does not require that the attached evidence be admissible. Instead, the evidence need only tend to support the allegations in the petition.

We also reject the state's interpretation of the attachment provision because nothing in the text of ORS 138.580 indicates that petitioner must attach documentary

---

[4] We note that even if, as here, the petitioner satisfies the attachment requirement largely by submitting affidavits, there are limits on what the petitioner may swear to in an affidavit. ORS 162.075 (defining the crime of false swearing as knowingly making a false sworn statement and classifying it as a Class A misdemeanor).

evidence sufficient to make out a *prima facie* case on each of his claims. Rather, as we explained earlier, the attached evidence need only support—that is, verify, corroborate, or substantiate—the allegations in the petition.

Finally, we decline to adopt the state's reading of the attachment provision because it is at odds with the post-conviction process the legislature has created. The post-conviction statutes set forth the following steps for post-conviction relief: First, a petitioner files a petition. ORS 138.580. Next, the defendant must file a response within 30 days after the docketing of the petition. ORS 138.610. If the petition states a ground for relief—that is, if it is not subject to dismissal as a meritless petition under ORS 138.525—the court holds a hearing. ORS 138.620. At the hearing, the court "may receive proof by affidavits, depositions, oral testimony or other competent evidence." ORS 138.620(2). Because a petitioner may seek discovery only after an action commences, the statutory scheme envisions the petitioner obtaining additional evidence after the petition is filed and before the court conducts the hearing. *See* ORCP 39 (a party may seek discovery after an action commences); ORCP 40 (same); ORCP 43 (same); *Young,* 347 Or at 171 (Oregon Rules of Civil Procedure apply to post-conviction relief proceedings unless the post-conviction statute provides otherwise).[5] It would be incongruous to require a petitioner to attach documents making out a *prima facie* case on his claims before he had the opportunity to obtain discovery on those claims.

The trial court erred in dismissing the petition for failure to comply with ORS 138.580 because petitioner attached documentation tending to support the allegations in his petition.

Reversed and remanded.

---

[5] We note that if, as the state suggests, a petition is subject to dismissal for failing to comply with ORS 138.580 if the petitioner does not attach evidence sufficient to establish a *prima facie* case, the state could move to dismiss a petition on the day that it is filed, even though, at that point, the petitioner would not have had an opportunity to obtain discovery, issue subpoenas, or have counsel appointed. *See* ORS 138.590 (establishing a process by which counsel for financially eligible post-conviction relief petitioners are appointed after the petitioner files his or her initial petition).