Submitted December 11, 2012, reversed and remanded on petitioner's second claim for relief; otherwise affirmed February 6, petition for review denied April 25, 2013 (353 Or 533)

## TROY CAVITT,
*Petitioner-Appellant,*

*v.*

## Rick COURSEY,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV100647; A148773

298 P3d 558

James N. Varner filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

### SCHUMAN, P. J.

In this post-conviction case, petitioner appeals a judgment dismissing each of his claims with prejudice. Petitioner now argues that, contrary to the post-conviction court's ruling, his petition adequately stated claims for relief for purposes of ORCP 21 A(8) and also satisfied ORS 138.580, which requires that "[a]ffidavits, records or other documentary evidence supporting the allegations of the petition shall be attached to the petition" for post-conviction relief. The state[1] now concedes that the trial court erred in dismissing one of petitioner's claims. For the reasons that follow, we agree and accept the state's concession of error. Accordingly, we reverse in part and remand.

Petitioner was convicted of numerous felonies but did not appeal. He then filed a petition for post-conviction relief in which he alleged, among other claims, that his trial counsel, Coran, had provided constitutionally inadequate assistance by failing to file an appeal as petitioner had instructed. In a motion to dismiss that claim for relief, the state argued that petitioner (1) had failed to attach any documentary evidence to the petition to support his claim and (2) had failed to identify any issue that he could have raised successfully on appeal and, hence, had not identified any prejudice that resulted from the failure to file the appeal.

In response to the state's motion, petitioner filed an affidavit in support of the petition in which he averred, "Coran kept telling me that he was making arguments to preserve issues for appeal. After I was convicted I asked him to file an appeal on my behalf. He did not. I don't know what issues are possible for appeal." Nonetheless, at the hearing on the motion to dismiss, the state continued to argue that "there's no documentary evidence to support the claim" as required by ORS 138.580. The trial court granted the state's motion and dismissed the claim with prejudice.[2]

---

[1] Defendant is the superintendent of the Eastern Oregon Correctional Facility. For clarity, we refer to defendant in these post-conviction proceedings as "the state."

[2] Although the state argued below that some of petitioner's claims failed to state a claim on which relief could be granted, it has never suggested that the petition as a whole was meritless. *See* ORS 138.525(2) (defining a "meritless petition" as "one

On appeal, the state concedes that petitioner's allegations regarding Coran's failure to file a notice of appeal were sufficient to state a claim for relief under *Shipman v. Gladden*, 253 Or 192, 199, 453 P2d 921 (1969) (holding that the "failure of counsel to timely file a notice of appeal after he has been requested or agreed to do so is incompetence as a matter of law and a denial of due process"), and that petitioner's affidavit was sufficient to satisfy the attachment requirement of ORS 138.580 with regard to that claim. That is, the state now acknowledges that a petitioner does not need to identify a winning assignment of error to demonstrate prejudice under these circumstances and that the post-conviction court set the bar too high in that respect.

The state further concedes that, because of the court's error, the judgment must be reversed and remanded as to that claim for relief. We agree and accept the state's concession of error. *See Shipman*, 253 Or at 203-04 (holding that "unless appropriate relief is granted the denial of petitioner's rights that occurred in this case will render his conviction void" and that "the Post-Conviction Hearing Act authorizes the granting of a delayed appeal when necessary to rectify a substantial denial of constitutional rights"); *Ogle v. Nooth*, 254 Or App 665, 674-75, 298 P3d 32 (2013) (rejecting the state's argument that, under ORS 138.580, a petitioner must make a *prima facie* case on each of his claims; rather, "the attached evidence need only support—that is, verify, corroborate, or substantiate—the allegations in the petition").

Petitioner also argues that the trial court erred in dismissing his first and third claims for post-conviction

that, when liberally construed, fails to state a claim upon which post-conviction relief may be granted"); ORS 138.525(3) (providing that a "judgment dismissing a meritless petition is not appealable"). Nor did the trial court rule that the petition failed to state a claim upon which relief could be granted. The judgment form included a "check-the-box" that read, "Per ORS 138.525, the Petition is dismissed as meritless, and this judgment is therefore not appealable"; but, the court did not check that box. *Cf. Pedroso v. Nooth*, 251 Or App 688, 696 n 3, 284 P3d 1207 (2012), *rev den*, 353 Or 203 (2013) ("Although the post-conviction court also looked to supporting materials submitted by petitioner under ORS 138.580, the court's ruling was that, even viewed in light of those submissions, the petition itself did not state a claim upon which post-conviction relief could be granted."); *see also Ogle*, 254 Or App at 669 n 1 (treating judgment dismissing petition for failure to comply with attachment provision of ORS 138.580 as appealable judgment rather than as dismissal of a meritless petition).

relief. We reject those remaining assignments of error without discussion.

Reversed and remanded on petitioner's second claim for relief; otherwise affirmed.