Submitted on record and briefs October 4, reversed and remanded
November 27, 2002

# Alvin CANELL,
*Appellant,*

*v.*

# STATE OF OREGON
and V. Brownley,
a Correctional Officer,
*Respondents.*

## 00C-13453; A114144

58 P3d 847

Alvin H. Canell filed the briefs *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Robert B. Rocklin, Assistant Attorney General, filed the brief for respondents.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

LINDER, J.

## LINDER, J.

Plaintiff filed a tort action against the state and a named correctional officer alleging various acts of negligence that, in effect, resulted in the misplacement of his eyeglasses when he was moved from one housing unit to another at the Oregon State Penitentiary. The trial court granted the state's motion for judgment on the pleadings, which, on appeal, the state concedes was error. For the reasons described below, we accept the state's concession and reverse.

According to plaintiff's complaint, defendants "failed in their duty * * * by not following OAR 291-117-0060(7)"[1] and not inventorying his eyeglasses "or listing what was done with [his] glasses[.]" Plaintiff alleged that it was "forseeable that [his] glasses may be needed and should have been accounted for by [the] officer picking up the property in the cell[.]" He also claimed that defendants were negligent in not properly training the correctional employees, not providing information as to what happened to his eyeglasses, and not sending his eyeglasses to the property room, all of which caused plaintiff to be without his glasses for more than 30 days, during which time he was allegedly "essentially blind" and could not pursue various legal remedies in the courts in connection with his incarceration.

The state answered the complaint and then moved for judgment on the pleadings. The court granted the motion on two grounds: (1) plaintiff had not adequately pleaded negligence *per se*, and (2) the state was entitled to discretionary immunity. The trial court issued a judgment in favor of the state.

■ Plaintiff appeals, challenging both of the grounds for the trial court's ruling. In response, the state first concedes that it was not entitled to discretionary immunity under these circumstances. That concession is well taken, and we accept it. *See Miller v. Grants Pass Irrigation*, 297 Or 312, 316, 686 P2d 324 (1984) (discretionary immunity applies to

---

[1] OAR 291-117-0060(7) provides: "When an inmate is moved from general population housing to special housing, his/her personal property shall be inventoried, secured, and stored until such time that he/she is released back to general population."

actions that embody "a choice among alternative public policies by persons to whom responsibility for such policies have been delegated"); *Ramirez v. Hawaii T & S Enterprises, Inc.*, 179 Or App 416, 420, 39 P3d 931 (2002) (discretionary immunity from tort action requires exercise of judgment involving public policy and therefore generally must take place at a relatively high level of public authority; routine decisions that every employee must make, even when they require judgment, do not qualify for discretionary immunity).

■ In response to plaintiff's argument that he adequately pleaded negligence *per se*, the state contends that a violation of the administrative rule on which plaintiff relies provides no basis for such a claim because plaintiff is not "a member of the class of persons meant to be protected by the statute." *George v. Myers*, 169 Or App 472, 478, 10 P3d 265 (2000), *rev den*, 331 Or 692 (2001) (outlining what a plaintiff · must demonstrate to establish negligence *per se*). We agree with the state that the regulation clearly was promulgated to protect the Oregon Department of Corrections from liability for lost property, rather than to protect inmates. *See generally* OAR 291-117-0005 (describing purpose of rules relating to inmate property). Because plaintiff is not a member of the class of persons to be protected by the rule, he did not plead a negligence *per se* claim.

■ ■ The state candidly acknowledges, however, that plaintiff's complaint does not appear to be limited to a negligence *per se* theory. That is especially so given the standard of review applicable to judgment on the pleadings, which requires us to review the pleadings in the light most favorable to plaintiff. *Thompson v. Estate of Adrian L. Pannell*, 176 Or App 90, 95, 29 P3d 1184 (2001), *rev den*, 333 Or 655 (2002). Here, plaintiff essentially alleged, albeit inartfully, that (1) the state was negligent in misplacing his eyeglasses, (2) it was foreseeable that he would suffer harm as a result, (3) he suffered economic and other damages as a result, and (4) he was "essentially blind" as a result the of the state's negligence. Viewing the complaint in its entirety and in the light most favorable to plaintiff, those allegations are sufficient to state a claim of general negligence.

Reversed and remanded.