Argued and submitted June 10, decision of Court of Appeals affirmed;
appeal dismissed October 1, 2009

## ELTON JON YOUNG,
*Petitioner on Review,*

*v.*

## Jean HILL,
## Superintendent,
## Snake River Correctional Institution,
*Respondent on Review.*

(CC 06125536P; CA A136732; SC S056820)

218 P3d 125

James N. Varner, Newberg, argued the cause and submitted the briefs for petitioner on review.

Erin C. Lagesen, Assistant Attorney General, Salem, argued the cause for respondent on review. With her on the brief were John Kroger, Attorney General, and Jerome Lidz, Solicitor General.

LINDER, J.

## LINDER, J.

This post-conviction case requires us to determine whether ORS 138.525, which governs meritless petitions for post-conviction relief, requires petitioner's appeal to be dismissed. That statute provides:

"(1)   The court may, on its own motion or on the motion of the defendant, enter a judgment denying a meritless petition brought under ORS 138.510 to 138.680.

"(2)   As used in this section, 'meritless petition' means one that, when liberally construed, fails to state a claim upon which post-conviction relief may be granted.

"(3)   Notwithstanding ORS 138.650, a judgment dismissing a meritless petition is not appealable.

"(4)   A dismissal is without prejudice if a meritless petition is dismissed without a hearing and the petitioner was not represented by counsel."

The Court of Appeals concluded that the trial court's judgment in this case dismissed petitioner's petition as "meritless" within the meaning of subsection (2), and that the judgment was, pursuant to subsection (3), not appealable. The Court of Appeals therefore dismissed petitioner's appeal for lack of jurisdiction. For the reasons that follow, we conclude that the Court of Appeals correctly dismissed the appeal.

In 2005, petitioner pleaded guilty to one count of Computer Crime, a Class C felony, under ORS 164.377.[1] In

---

[1] ORS 164.377 provides, in part:

"(2) Any person commits computer crime who knowingly accesses, attempts to access or uses, or attempts to use, any computer, computer system, computer network or any part thereof for the purpose of:

"(a) Devising or executing any scheme or artifice to defraud;

"(b) Obtaining money, property or services by means of false or fraudulent pretenses, representations or promises; or

"(c) Committing theft, including, but not limited to, theft of proprietary information.

"(3) Any person who knowingly and without authorization alters, damages or destroys any computer, computer system, computer network, or any computer software, program, documentation or data contained in such computer, computer system or computer network, commits computer crime.

"(4) Any person who knowingly and without authorization uses, accesses or attempts to access any computer, computer system, computer network, or

charging petitioner with that crime, the indictment had alleged:

"The said defendant on or about the 10th day of February, 2004, in the County of Clackamas, State of Oregon, did unlawfully and knowingly access a part of a computer for the purposes of executing a scheme or artifice to defraud by manufacturing Oregon identification cards, said act of defendant being contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."[2]

After accepting petitioner's plea, the trial court sentenced petitioner to 13 months' imprisonment.

In December 2006, petitioner filed a *pro se* petition for post-conviction relief. In May 2007, through appointed counsel, petitioner filed a formal petition asserting three post-conviction claims. The three claims shared the common premise that the indictment had failed to allege a crime because it did not allege that petitioner accessed a computer to defraud by manufacturing *fake* Oregon identification cards. On that premise, petitioner claimed: (1) that he was denied effective assistance of counsel because trial counsel failed to inform petitioner that the computer crime count in the indictment did not allege a crime; (2) that petitioner's plea of guilty to the charge was not knowingly, voluntarily, and intelligently made; and (3) that trial counsel was ineffective because he should have filed a motion to dismiss and a demurrer to the computer crime count on the ground that it failed to state a crime.

---

any computer software, program, documentation or data contained in such computer, computer system or computer network, commits computer crime.

"(5)(a) A violation of the provisions of subsection (2) or (3) of this section shall be a Class C felony. Except as provided in paragraph (b) of this subsection, a violation of the provisions of subsection (4) of this section shall be a Class A misdemeanor.

"(b) Any violation of this section relating to a computer, computer network, computer program, computer software, computer system or data owned or operated by the Oregon State Lottery or rented, owned or operated by another person or entity under contract to or at the direction of the Oregon State Lottery Commission shall be a Class C felony."

[2] The indictment also included a count of forgery in the first degree, ORS 165.013. That count was dismissed pursuant to a plea agreement when petitioner pleaded guilty the computer crime count.

The state moved to dismiss the petition, asserting the petition was meritless under ORS 138.525. In support of the motion, the state argued that the indictment alleged all the elements of the statute, ORS 164.377(2)(a), differing only in that it described the particular manner in which petitioner violated the statute. According to the state, because the indictment alleged a crime, petitioner's claims of ineffective assistance of counsel and his challenge to his plea necessarily failed; therefore, the petition did not state a claim for post-conviction relief. At the conclusion of a hearing on the state's motion, the trial court granted the dismissal, explaining:

> "And as I indicated, I've read everything that's been filed in the case. I'm granting the motion. I think the key issue is the State [pleaded] [inaudible] and would have to prove at the trial that it was some sort of an attempt to defraud. I don't think it's a notice problem because it's a State form with an attempt to defraud. Obviously the defendant is [in] a position to know whether or not he has any— whether the State has anything to show that it is fraudulent, but that they have [to] prove fraudulent. I don't think it has to be fake ID cards pled because the statute doesn't require that if the State proves the scheme to defraud. I don't think a demurrer would lie here. I think it is [pleaded] properly, particularly when added to the police report and what the defendant would have every opportunity to know."

After that oral ruling, the trial court entered a general judgment of dismissal. The judgment stated, in part:

> "[U]pon a Motion to Dismiss filed on behalf of the [state]. Oral argument having been heard by both parties, the Court now hereby grants the Motion in favor of the [state] and against the Petitioner.
>
> "NOW THEREFORE, IT IS HEREBY ORDERED THAT the Petition for Post-Conviction Relief is dismissed in its entirety."

The trial court's judgment did not cite ORS 138.525. Nor did the judgment recite that the court had concluded that the petition was meritless or that it failed to state a claim.

Petitioner timely appealed. The state moved to dismiss the appeal on the ground that it was not appealable

under ORS 138.525(3), which, as noted, provides that a judgment dismissing a post-conviction petition as "meritless" is not appealable. The appellate commissioner granted the state's motion. In doing so, the commissioner noted that the trial court's judgment did not expressly indicate that the trial court had determined the petition to be meritless. The commissioner therefore considered it uncertain whether the trial court had intended its dismissal to foreclose an appeal pursuant to ORS 138.525(3). The commissioner concluded, however, that he was obligated by controlling Court of Appeals precedent to dismiss petitioner's appeal. Petitioner asked the Court of Appeals to reconsider the commissioner's order. The Court of Appeals, by order, declined to do so. We granted petitioner's petition for review.

On review, petitioner makes two arguments: (1) that the trial court erred in granting the state's motion to dismiss the petition for post-conviction relief; and (2) that the Court of Appeals erred in granting the state's motion to dismiss petitioner's appeal. Logically, we must address the second issue first, because if the judgment in this case is not appealable, the appellate courts have no jurisdiction to consider the case further. We begin, then, with whether the trial court's dismissal was a "judgment dismissing a meritless petition," as that phrase is used in ORS 138.525(3).

■ As outlined earlier, the statute defines "meritless petition" as a petition that "when liberally construed, fails to state a claim upon which post-conviction relief may be granted." ORS 138.525(2). That phrasing is drawn from the habeas statutes, ORS 34.370(6) and (7),[3] which similarly

_____

[3] ORS 34.370(6) and (7) provide:

"(6) The court may, on its own motion, enter a judgment denying a meritless petition brought under ORS 34.310 to 34.730.

"(7) As used in this section, 'meritless petition' means one which, when liberally construed, fails to state a claim upon which habeas corpus relief may be granted."

As the state's brief points out, the legislative history establishes that the provisions of ORS 138.525, including the definition of a "meritless petition," were drawn directly from ORS chapter 30, which deals with habeas corpus litigation. Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 2352, Apr 7, 1993, Tape 71, Side A (statement of Ross Shepard).

address "meritless petitions." The phrasing also echoes ORCP 21 A(8),[4] which authorizes motions to dismiss for failure to state a claim in civil proceedings generally. *See Mueller v. Benning*, 314 Or 615, 621 n 6, 841 P2d 640 (1992) (unless otherwise provided for in the post-conviction statutes, Oregon Rules of Civil Procedure apply in post-conviction proceedings). To plead a claim for relief, a party must allege the factual basis for a claim for relief, not just the general legal theory on which the party is proceeding. *Holger v. Irish*, 316 Or 402, 406-07, 851 P2d 1122 (1993) (by requiring a party to state a "claim for relief" rather than a "cause of action," Oregon procedural rules require pleader to allege ultimate facts that provide a basis for relief); *see also Davis v. Tyee Industries, Inc.*, 295 Or 467, 476-79, 668 P2d 1186 (1983) (Oregon is a code pleading state; whatever a party's theory of recovery, the party must allege facts that, if proved, are a basis on which the party can prevail).

Petitioner contends that the judgment of dismissal in this case did not fall within the terms of ORS 138.525, because the trial court dismissed the claims "on the merits" rather than because the petition failed to state a claim (*i.e.*, the petition was "meritless"). Petitioner relies, in part, on the fact that the judgment did not cite ORS 138.525 and that it did not state, expressly, that the petition failed to state a claim or was meritless. We agree with the state, however, that those omissions, in and of themselves, are not determinative. Neither ORS 138.525 nor any other source of law requires the judgment expressly to designate a petition as meritless. Nor must the judgment expressly recite that the dismissal is for failure to state a claim. The only question is whether, in fact, that is the ground on which the trial court dismissed the petition.

In this case, we are satisfied that it was. Under the unambiguous terms of the statute, a post-conviction petition that fails to state a claim upon which relief may be granted is a "meritless petition." ORS 138.525(2). The state's theory in its motion to dismiss was that the common predicate for all

---

[4] ORCP 21 A(8) provides that a party may move to dismiss based on "failure to state ultimate facts sufficient to constitute a claim."

three of petitioner's claims—that the indictment had to have alleged that petitioner was using a computer to make *fake* Oregon identification cards—was legally wrong. In other words, the state's position was that no such fact had to be alleged to charge petitioner with computer crime. If that theory was correct, then petitioner's three claims all necessarily failed as a matter of law, and they failed on the face of the allegations of the petition. Arguing that theory, and that theory only, the state maintained that the petition failed to state a claim for relief and was therefore "meritless" within the meaning of ORS 138.525(2).

In granting the motion, the trial court orally agreed with the crux of the state's theory—that is, that the indictment did not have to allege that petitioner was making *fake* Oregon identification cards and that the indictment, as pleaded, had adequately alleged computer crime. The trial court therefore agreed with the state that the indictment would not have been subject to a demurrer. The judgment dismissing the petition expressly stated that the trial court was doing so "based on the court's granting of the motion to dismiss." In short, the dismissal of the petition clearly was for failure to state a claim, and thus for being "meritless" within the meaning of ORS 138.525(2).[5]

Petitioner nevertheless argues that we should conclude otherwise because, in the course of the hearing on the state's motion to dismiss, the trial court reviewed and ruled on the "merits" of petitioner's claims. Petitioner points to the trial court's statement that it didn't "think that it has to be

---

[5] We note that a "meritless" petition is not necessarily a "frivolous" petition. ORS 138.527 requires the court to award attorney fees against a party who files a frivolous petition. In a different context, we have interpreted a frivolous appeal to be one that "a reasonable lawyer would know is not well grounded in fact, or that a reasonable lawyer would know is not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law." *See Westfall v. Rust International,* 314 Or 553, 559, 840 P2d 700 (1992) (interpreting ORS 656.390). Because the legislature used both "meritless" and "frivolous" in describing certain post-conviction petitions, we can infer that the legislature intended those two words to have different meanings. *See, e.g., Scott v. State Farm Mutual Auto. Ins.,* 345 Or 146, 155, 190 P3d 372 (2008) (legislature's use of different terms in related statutes demonstrates the legislature's intent that the terms have different meanings).

fake ID cards [pleaded] because the statute doesn't require that[,] if the State proves the scheme to defraud" and that it didn't "think a demurrer would lie here."

■ ■     For present purposes, we will accept petitioner's premise that the trial court's comments touched on the merits of petitioner's claim. Even so, petitioner does not explain how some consideration of the "merits" is inconsistent with a ruling that a petition or other pleading fails to state a claim for relief. Determining whether the particular allegations of a pleading state a claim entails a legal conclusion, the "merits" of which may be debatable. A trial court necessarily must consider the arguments that bear on that legal dispute to decide whether a petition fails to state a claim. Here, the trial court reviewed petitioner's petition for relief, reviewed the indictment (which was attached to the petition), entertained legal arguments in support of and opposition to the state's motion to dismiss, and decided that the state's position on the motion was correct. Neither the fact that the court held a hearing on the motion nor the inquiry that the trial court made to resolve the motion defeats a conclusion that the trial court's ruling was what it purported to be. The trial court's oral ruling and judgment were unambiguous: the trial court granted the state's motion to dismiss for failure to state a claim. In turn, the statute is unambiguous: petitions that fail to state a claim are meritless, and a judgment dismissing a petition as meritless is not appealable. ORS 138.525(2), (3).

We recognize the concern, implicit in some of petitioner's arguments, that newly conceived and potentially worthy theories for post-conviction relief may escape examination by the appellate courts if there is no right to appeal from any judgment dismissing a petition for failure to state a claim.[6] The policy that the legislature has adopted, however, is an unqualified one—no appeal lies from any judgment dismissing a petition for post-conviction relief for failure to state

---

[6] In particular, petitioner argues that he has a constitutional right to an appeal in a post-conviction matter, either under the Due Process Clause or some other provision in the United States or Oregon constitutions. We reject that argument without further discussion.

a claim.[7] Whether we agree or not with the wisdom of that policy, it is a policy that the legislature is entitled to adopt.[8]

The decision of the Court of Appeals is affirmed. The appeal is dismissed.

---

[7] A potential anomaly exists in the text of ORS 138.525. Subsection (1) confers authority on a trial court to *deny* a meritless petition; subsections (3) and (4) address *dismissals* of meritless petitions. In particular, subsection (3) prohibits appeals of judgments *dismissing* meritless petitions. Neither party, in their arguments to this court, attributes significance to that textual distinction in the statute. In all events, if there is any significance to the distinction, it cannot avail petitioner in this case. Here, the trial court by general judgment *dismissed* the petition for failure to state a claim, which is a disposition that, pursuant to ORS 138.525(3), cannot be appealed.

[8] We note in that regard that we have reviewed the legislative history to make sure that it reveals no ambiguity that we have failed to perceive in the statute's terms. *State v. Gaines*, 346 Or 160, 172, 206 P3d 1042 (2009) (text need not be ambiguous for court to consult legislative history, which may confirm or illuminate seemingly plain meaning, or may reveal a latent ambiguity in text). The legislative history reveals the legislature meant exactly what it said—that a meritless postconviction petition was one that failed to state a claim, and that there would be no right to appeal the dismissal of such a petition, when the petitioner was represented by counsel. The legislature further understood that a large number of postconviction petitions might fall into the category of "meritless" petitions, so defined. *See* Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 2352, Apr 7, 1993, Tape 70, Side A (statement of Ross Shepard). The provisions regarding the dismissal of meritless petitions represented a compromise that Oregon Criminal Defense Lawyers Association supported in order to obtain the Oregon Attorney General's support for House Bill 2352, which had been introduced for the purpose of lengthening the statute of limitations for postconviction petitions from 120 days to two years. *Id.*