Argued and submitted June 28, vacated and remanded July 27, 2016

ERIC VAUGHN BREECE,
*Petitioner-Appellant,*

*v.*

Brigitte AMSBERRY,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV140693; A157259

381 P3d 1086

Jason Weber argued the cause for appellant. With him on the brief was O'Connor Weber LLP.

Erin K. Galli, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before Sercombe, Presiding Judge, and DeHoog, Judge, and Edmonds, Senior Judge.

**SERCOMBE, P. J.**

Petitioner in this case appeals the post-conviction court's judgment dismissing his petition seeking post-conviction relief (PCR). On appeal, petitioner raises two assignments of error. First, he asserts that the post-conviction court erred in entering an ambiguous judgment that does not comply with ORS 138.640(1).[1] Second, petitioner contends that the court erred in dismissing the petition as untimely without first ruling on his motion for appointment of counsel.[2] We agree with petitioner that the judgment is ambiguous and that, therefore, it is appropriate to vacate the judgment and remand for the post-conviction court to clarify its ruling.

Pursuant to ORS 138.525,

"(1) The court may, on its own motion or on the motion of the defendant, enter a judgment denying a meritless petition brought under ORS 138.510 to 138.680.

"(2) As used in this section, 'meritless petition' means one that, when liberally construed, fails to state a claim upon which post-conviction relief may be granted.

"(3) Notwithstanding ORS 138.650, a judgment dismissing a meritless petition is not appealable.

"(4) A dismissal is without prejudice if a meritless petition is dismissed without a hearing and the petitioner was not represented by counsel."

Thus, that statute provides, "in no uncertain terms," that, where a judgment dismisses a post-conviction petition as

---

[1] ORS 138.640(1) provides:

"After deciding the issues raised in the proceeding, the court shall enter a judgment denying the petition or granting the appropriate relief. The judgment may include orders as provided in ORS 138.520. The judgment must clearly state the grounds on which the cause was determined, and whether a state or federal question was presented and decided."

[2] Although petitioner had filed a motion for appointment of counsel, the post-conviction court dismissed the case without first appointing counsel. *See Knox v. Nooth*, 244 Or App 57, 65, 260 P3d 562 (2011) ("Under ORS 138.590, a court must decide whether a petitioner is eligible for the appointment of counsel and must appoint counsel before acting on a petition for post-conviction relief, except when a court dismisses a meritless petition without a hearing and without prejudice." (Citation omitted.)).

meritless, that judgment is not appealable. *Pedroso v. Nooth*, 251 Or App 688, 696, 284 P3d 1207 (2012), *rev den*, 353 Or 203 (2013); *see Young v. Hill*, 347 Or 165, 173, 218 P3d 125 (2009) (ORS 138.525 "is unambiguous: petitions that fail to state a claim are meritless, and a judgment dismissing a petition as meritless is not appealable"). Thus, we will dismiss an appeal where the post-conviction court has unambiguously dismissed the petition as meritless. *See Pedroso*, 251 Or App at 696-97 (determining that the post-conviction court unambiguously dismissed the PCR petition as meritless where the court dismissed for failure to state a claim); *see also Young*, 347 Or at 171 ("Neither ORS 138.525 nor any other source of law requires the judgment expressly to designate a petition as meritless. Nor must the judgment expressly recite that the dismissal is for failure to state a claim. The only question is whether, in fact, that is the ground on which the trial court dismissed the petition."). However, a dismissal of a petition as untimely under ORS 138.510 is not equivalent to a dismissal for failure to state a claim under ORS 138.525. *See Fisher v. Belleque*, 237 Or App 405, 240 P3d 745 (2010), *rev den*, 349 Or 601 (2011) (reviewing post-conviction court's judgment dismissing PCR petition as untimely under ORS 138.510).

Here, the post-conviction court dismissed the petition without prejudice on its own motion. That dismissal was based on an order entered by the court in which the court checked several boxes indicating the reasons it concluded dismissal was appropriate. Specifically, the court checked boxes stating that (1) "[t]he Petition is an improper time-barred Petition under ORS 138.510"; and (2) "for these reasons the petition is without merit, and for the reason that the Petition liberally construed further fails to state a claim upon which relief may be granted and may be dismissed under ORS 138.525." The form contained additional boxes that the court did not check, including one stating that the "Petition liberally construed fails to state a claim upon which relief may be granted and may be dismissed under ORS 138.525." We cannot discern from the order whether the post-conviction court concluded that petitioner's claims were both time barred *and* meritless (which would not be appealable), or whether the court believed that the claims

were meritless *because* they were time barred (which would be appealable).

Thus, the post-conviction court's judgment in this case is ambiguous regarding the reason or reasons for dismissing the petition. Because it is unclear whether the post-conviction court dismissed the petition because it failed to state a claim and was, therefore, meritless, or because it was time barred, or for both of those reasons, it is appropriate to vacate the judgment and remand the matter to the post-conviction court for that court to clarify its ruling. *See Delzell v. Coursey*, 354 Or 597, 318 P3d 749 (2013) (vacating the post-conviction court's judgment and remanding for the post-conviction court "to clarify its ruling by appropriate order or judgment" where the post-conviction court's judgment of dismissal was ambiguous regarding whether the post-conviction petition had been dismissed as meritless, untimely, or both).

Vacated and remanded.