Submitted July 1, reversed and remanded September 8, 2016

MICHAEL SPILLINO,
*Plaintiff-Appellant,*

*v.*

Superintendent TAYLOR,
Lt. Hogeland, and Cpl. Smith,
*Defendants-Respondents.*

Umatilla County Circuit Court
CV142089; A160233

384 P3d 169

Christopher R. Brauer, Judge.

Michael Spillino filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Judy C. Lucas, Assistant Attorney General, filed the brief for respondents.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

**DUNCAN, P. J.**

Plaintiff, an inmate, filed a document in the circuit court, asserting that a correctional officer had wrongfully taken his property and requesting return of the property or compensation in the amount of $600. After initially waiving plaintiff's filing fees pursuant to ORS 30.643, the circuit court dismissed plaintiff's case pursuant to ORS 30.647, which, as relevant here, provides that, if a court has waived fees for an inmate, the court shall dismiss the case if the court determines that each claim in the action "[f]ails to state a claim upon which relief may be granted." ORS 30.647(2)(b).[1] Plaintiff appeals the dismissal, and we conclude that the circuit court erred in ruling that plaintiff's filing failed to state a claim. Accordingly, we reverse and remand.

The issue in this case is whether plaintiff's filing "[f]ails to state a claim upon which relief may be granted." ORS 30.647(2)(b). Whether a filing fails to state such a claim is a legal question, which we review for legal error. *See Nationwide Ins. Co. of America v. TriMet*, 264 Or App 714, 715, 333 P3d 1174 (2014) (we review trial court's dismissal of civil action for failure to state a claim for legal error, "taking as true all well-pleaded factual allegations, and giving plaintiff the benefit of all reasonable inferences that can be drawn from those facts" (internal quotation marks omitted)); *see also Young v. Hill*, 347 Or 165, 173, 218 P3d 125 (2009) ("Determining whether the particular allegations of a pleading state a claim entails a legal conclusion[.]"). "To plead a claim for relief, a party must allege the factual basis for a claim for relief[.]" *Young*, 347 Or at 171 (so holding regarding ORS 138.525(2), which authorizes dismissal of a petition that "fails to state a claim upon which

---

[1] ORS 30.647(2) provides:

"If an inmate's fees or court costs have been waived or deferred under ORS 30.643, a court shall dismiss the case if at any time the court determines that each claim in the action, petition or appeal:

"(a) Is frivolous or malicious;

"(b) Fails to state a claim upon which relief may be granted, and the court denies leave to amend; or

"(c) Seeks monetary relief against a defendant who is immune from a claim for monetary relief."

post-conviction relief may be granted"); *see also* ORCP 18 (a pleading must contain "[a] plain and concise statement of the ultimate facts constituting a claim for relief" and a "demand of the relief which the party claims").

Here, plaintiff filed a document entitled "Standard Tort Claim Form," a preprinted form, apparently supplied by the Department of Corrections, with sections for "Facts" and "Details of Damages." Plaintiff completed the form by hand. In the "Facts" section, he referred to an attached addendum, in which he detailed his allegation, that a correctional officer, Hogeland, had wrongly taken specific items of property; he also requested relief, specifically the "return of [his] property" or "$600." In the "Details of Damages" section, plaintiff listed three items and their dollar values.

The contents of plaintiff's filing were sufficient to state a claim upon which relief could be granted. Plaintiff alleged that Hogeland wrongly took and refused to return plaintiff's property, valued at $600. That allegation was sufficient to state a claim for conversion, which is "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Rice v. Rabb*, 354 Or 721, 725 n 4, 320 P3d 554 (2014); *see Canell v. State of Oregon*, 185 Or App 174, 177, 58 P3d 847 (2002) (inmate plaintiff's pleading was sufficient to state a negligence claim where he "essentially alleged, albeit inartfully, that (1) the state was negligent in misplacing his eyeglasses, (2) it was foreseeable that he would suffer harm as a result, (3) he suffered economic and other damages as a result, and (4) he was 'essentially blind' as a result of the state's negligence").

Reversed and remanded.