Argued and submitted December 1, 2015, appeal dismissed March 22, 2017

SIMON CORONA,
*Petitioner-Appellant,*

*v.*

Brigitte AMSBERRY,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV132097; A156160

393 P3d 248

Jason L. Weber argued the cause for appellant. With him on the brief was O'Connor Weber LLP.

Erin Galli, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and James Aaron, Assistant Attorney General.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.*

_____
* Hadlock, C. J., *vice* Nakamoto, J. pro tempore.

**HADLOCK, C. J.**

Petitioner was convicted of multiple crimes in 2006 and sentenced to a lengthy period of incarceration. He initiated this post-conviction proceeding in 2013 by filing a *pro se* claim for post-conviction relief in which he raised a single claim of ineffective assistance of trial counsel, premised on several alleged deficiencies in representation. The post-conviction court dismissed that petition before appointing counsel to represent petitioner, and petitioner appeals. For the reasons set out below, we conclude that the post-conviction judgment is not appealable. Accordingly, we dismiss.

Petitioner's *pro se* petition for post-conviction relief alleged, as noted, a single claim of ineffective assistance of trial counsel, based on a list of seven specific ways in which petitioner claimed that his lawyer performed deficiently. The petition also includes an allegation that petitioner had previously—and unsuccessfully—sought post-conviction relief on at least some of the same convictions that form the basis for his post-conviction claim in this case. Petitioner moved for appointment of counsel to represent him in the post-conviction proceeding. Without appointing counsel for petitioner, the post-conviction court issued an order to show cause why the petition should not be dismissed for being time-barred and successive. Petitioner responded, largely claiming that "several claims should have been raised" in the earlier proceeding and that he wished to "introduce new evidence."

The post-conviction court then entered an order in which it ruled that the case should be dismissed. In explaining its ruling, the court used a preprinted or computer-generated form of order in which it indicated that dismissal was "because" of four listed reasons (each bullet point below represents a box that the court checked on the order):

- "The Petition is an improper time-barred Petition under ORS 138.510."
- "The Petition is a successive petition to [another case] and the claims could reasonably have been or were previously raised, and are prohibited under ORS 138.550."
- "The Petition liberally construed fails to state a claim upon which relief may be granted and may be dismissed under ORS 138.525."

- "The Petition fails to meet the requirements of ORS 138.570 and/or 138.580."

The court subsequently entered a judgment dismissing the petition without prejudice. The judgment, too, was created using a form. It begins by stating that the "proceeding is dismissed" and then sets out a list of possible reasons for dismissal, each with a corresponding box that the court may (or may not) check, followed by blank lines for additional explanation. In this case, the court checked two boxes, one indicating that the petition "is dismissed as meritless" under ORS 138.525, and the second indicating that dismissal is without prejudice. On the blank lines allowed for further explanation, the court added "and for the other reasons set forth on the order."

Petitioner appeals, arguing that the post-conviction court erred when it dismissed the petition before deciding petitioner's motion for appointment of counsel. Defendant superintendent makes two primary arguments in response. First, he contends that we lack jurisdiction over petitioner's appeal because a judgment dismissed as meritless under ORS 138.525(1) is not appealable. Second, he asserts that petitioner did not preserve his argument that he was entitled to have counsel appointed before the post-conviction court dismissed his petition.

We agree with the superintendent that the judgment in this case is not appealable. As described above, that judgment expressly dismisses the post-conviction petition under ORS 138.525 "as meritless." If that were all the judgment said, it would indisputably not be appealable. ORS 138.525(3) ("[A] judgment dismissing a meritless petition is not appealable[.]"); *Young v. Hill*, 347 Or 165, 173-74, 218 P3d 125 (2009) ("The policy that the legislature has adopted * * * is an unqualified one—no appeal lies from any judgment dismissing a petition for post-conviction relief for failure to state a claim."). It is only because the judgment goes on to state that the court is dismissing "*and* for the other reasons set forth on the order"—*i.e.*, that the petition is successive, time-barred, and fails to meet the requirements of ORS 138.570 and ORS 138.580—that some question arises.

Our analysis begins with ORS 138.525, which provides both that a post-conviction court may "enter a judgment denying a meritless petition" and that "a judgment dismissing a meritless petition is not appealable." ORS 138.525(1), (3). A "meritless petition" is "one that, when liberally construed, fails to state a claim upon which post-conviction relief may be granted." ORS 138.525(2). Dismissal for a different reason, such as that a petition is time-barred or successive, is not dismissal on the basis that the petition is meritless. *Hayward v. Premo*, 281 Or App 113, 116-17, 383 P3d 437, *rev den*, 360 Or 751 (2016).

To determine whether a post-conviction judgment that incorporates some mention of "meritlessness" is appealable notwithstanding ORS 138.525(3), we must consider at least two aspects of the judgment. First, ORS 138.525(3) will preclude appeal of the judgment only if the judgment dismissed the entire petition as meritless. If the post-conviction court rejected some, but not all, grounds for relief as meritless, then the resulting judgment will not have dismissed the *petition* as meritless, and ORS 138.525(3) will not bar appeal of that judgment. *See Hayward*, 281 Or App at 117 (ORS 138.525 applies "only when a post-conviction court determines 'the petition'—which we understand to mean the whole petition—is 'one that, when liberally construed, fails to state a claim upon which post-conviction relief may be granted.'").

Second, if the judgment mentions grounds for dismissal other than that the petition lacks merit, we must consider whether the judgment unambiguously establishes that the post-conviction court dismissed the petition as meritless independent from those other listed reasons. Again, the analysis starts with ORS 138.525(3), which makes a judgment unappealable if it dismisses the entire petition as meritless. The judgment still will be unappealable if it also sets out additional, *alternative* bases for dismissal. Thus, as we have explained, ORS 138.525(3) would bar appeal of a judgment incorporating a post-conviction court's determination "that each alleged ground for relief was (1) untimely or successive *and* (2) failed to state a claim." *Hayward*, 281 Or App at 117 n 3 (emphasis in original). That is, if a

post-conviction court dismisses a petition as meritless and, simultaneously, rules that the post-conviction petition can be dismissed for additional, independent reasons, then ORS 138.525(3) precludes any appeal from that judgment.

Alternatively, a judgment might encompass a post-conviction court's ruling that a petition was meritless *because* it was untimely or successive. Such a ruling would be incorrect because untimeliness does not equate to a lack of merit. *Hayward*, 281 Or App at 116-17. And if the judgment reflected that kind of ruling, the judgment would be appealable because it would not, in reality, be dismissing the petition as meritless. *Breece v. Amsberry*, 279 Or App 648, 650-51, 381 P3d 1086 (2016). Finally, the wording of a judgment might create an ambiguity that does not allow a reviewing court to determine whether it is appealable. *See id.* (vacating post-conviction judgment and remanding for clarification because we could not discern whether the judgment incorporated a conclusion "that petitioner's claims were both time barred *and* meritless (which would not be appealable)" or a conclusion that "the claims were meritless *because* they were time barred (which would be appealable)") (emphasis in original).

The questions for us, then, are (1) whether the judgment in this case dismissed the entire petition (rather than just certain claimed grounds for relief) as meritless, and (2) whether the dismissal for lack of merit was unambiguously an independent ground for dismissal of the entire petition, notwithstanding the mention of other bases for dismissal.

The first question is easily answered. Neither the judgment of dismissal nor the order on which it is predicated distinguishes among any of the grounds for relief specified in the post-conviction petition. Rather, the judgment simply provides that "the above-captioned proceeding" is dismissed for the stated reasons; similarly, the underlying order states that the post-conviction court "rules this case should be dismissed" for a list of reasons. Nothing in either of those documents suggests that the court was dismissing certain claimed grounds for relief as meritless and other claimed grounds for relief for different reasons.

The second question is answered by *Breece*. In that case, we could not determine from the judgment of dismissal or the underlying order whether the dismissal was based on the petition being meritless *and* on other grounds, like untimeliness (in which case, it would not be appealable), or was, instead, based on an incorrect belief that a petition could be meritless *because* it was untimely (in which case, the judgment would be appealable). 279 Or App at 650-51. That ambiguity arose because the order stated both (1) that the petition was time barred, and (2) *"for these reasons* the petition is without merit and for the reason that the Petition \* \* \* fails to state a claim upon which relief may be granted and may be dismissed under ORS 138.525." *Id.* at 650 (emphasis added). The phrase "for these reasons" created an ambiguity about the basis or bases for the post-conviction court's dismissal; accordingly, we remanded for the court to clarify its ruling.

The judgment and order in this case include no such ambiguity. As explained above, the judgment of dismissal provides that the post-conviction court dismissed the petition as meritless under ORS 138.525 "and" dismissed it "for the other reasons set forth on the order." The referenced order simply lists four reasons that "this case should be dismissed," including that the petition "fails to state a claim upon which relief may be granted and may be dismissed under ORS 138.525." Nothing in the judgment or order suggests that the post-conviction court's conclusion that the petition was meritless may have been based, impermissibly, on its determination that the petition was flawed for other reasons, including that it was time barred.

In sum, the judgment unambiguously dismissed the entire petition as meritless *and* for other reasons. Accordingly, ORS 138.525(3) bars this appeal.[1]

Appeal dismissed.

---

[1] Soon after petitioner filed his notice of appeal, the Appellate Commissioner issued an order determining that the appeal could go forward, notwithstanding ORS 138.525(3), because the post-conviction court had dismissed the petition "on three other grounds" in addition to its determination that the petition was meritless. The Commissioner issued that order before our decisions in *Breece* and *Hayward,* and his conclusion that the judgment in this case is appealable cannot withstand the opinions in those cases.