LAGESEN, P. J.
*497 Petitioner appeals a judgment dismissing his petition for post-conviction relief with prejudice. However, the judgment is a "judgment dismissing a meritless petition" within the meaning of ORS 138.525(3).[1] Consequently, it is not appealable and we must dismiss.
Petitioner initiated this proceeding by filing a pro se petition for post-conviction relief. The petition alleged 11 grounds on which petitioner asserted that his conviction should be set aside. The post-conviction court appointed counsel for petitioner under ORS 138.590. After evaluating the case, petitioner's post-conviction counsel filed an affidavit with the court under ORS 138.590(5)[2] representing that she had concluded that the petition could not be construed to state a ground for relief and also that it could not be amended to do so: "After careful review of the facts of this case, it is my belief that the original petition, filed by [petitioner] cannot be construed to state a ground for relief under ORS 138.510 to 138.680, nor can it be amended to state a ground for relief."
After receiving the affidavit, the post-conviction court scheduled a hearing on the sufficiency of the petition.[3] At *498 the hearing, post-conviction counsel represented that she had looked into the matters that petitioner had asked her to explore, but was unable to submit a petition on his behalf. She noted, in particular, that the challenge that petitioner wanted to pursue with respect to Measure 11 was foreclosed by longstanding case law. The court then heard from petitioner directly, after which the court concluded that the petition should be dismissed and entered a general judgment of dismissal with prejudice. The judgment stated that "[t]he * * * matter came before the Court upon an ORS 138.590(5) Affidavit."
This appeal followed. Petitioner contends that the post-conviction court erred in dismissing 10 of his 11 alleged grounds for relief. He also asserts that the judgment entered by the post-conviction court is not in the form required by ORS 138.640(1) as construed by Datt v. Hill , 347 Or. 672, 227 P.3d 714 (2010). The superintendent first responds that the post-conviction court dismissed the petition on the ground that it did not state a claim upon which relief could be granted and, for that reason, ORS 138.525 makes the judgment not appealable. Alternatively, the superintendent asserts that petitioner's claims *1114 of error are unpreserved and fail on their merits. Finally, the superintendent contends that the requirements of ORS 138.640(1) do not apply to a judgment dismissing a petition for post-conviction relief-as distinct from a judgment denying a petition for post-conviction relief-and that, in any event, the judgment of dismissal comports with ORS 138.640(1) as construed by Datt .
We conclude that the judgment is not appealable and, for that reason, do not reach the merits of the parties' arguments regarding the correctness of the post-conviction court's ruling and the form of judgment. The sufficiency of the petition was put at issue by post-conviction counsel's ORS 138.590(5) affidavit stating that the petition could not be construed to state a ground upon which post-conviction relief could be granted and could not be amended to do so. The purpose of the hearing triggered by the affidavit *499 was for the court to evaluate whether the petition stated grounds for post-conviction relief (or could be amended to do so) after hearing from counsel and petitioner on that point. Nothing else was put at issue by counsel's affidavit under ORS 138.590(5). Under those circumstances, the court's dismissal of the petition necessarily was for failure to state a claim upon which relief may be granted because that was the only question before the court. And a dismissal of a post-conviction petition for failure to state a claim is, as a matter of law, a dismissal of the petition as meritless. ORS 138.525(2) (" '[M]eritless petition' means one that, when liberally construed, fails to state a claim upon which post-conviction relief may be granted."); Young v. Hill , 347 Or. 165, 171, 218 P.3d 125 (2009). That means that the judgment is not appealable. ORS 138.525(3) ; Dillard v. Premo , 362 Or. 41, 47, 403 P.3d 746 (2017) (explaining the circumstances in which ORS 138.525(3) bars an appeal of a judgment dismissing a post-conviction petition);[4] Young , 347 Or. at 173, 218 P.3d 125 ("In turn, the statute is unambiguous: petitions that fail to state a claim are meritless, and a judgment dismissing a petition as meritless is not appealable.").
Because the judgment is not appealable, petitioner's assignments of error, including his claim that the judgment does not comport with ORS 138.640(1) as construed in Datt , are not before us on their merits. However, in furtherance of Datt 's stated objective of providing clarity to the federal courts that conduct review of Oregon post-conviction judgments[5] -and because the superintendent's brief suggests *500 otherwise[6] -we observe that a judgment dismissing a post-conviction petition for failure to state a claim (or as "meritless") represents a decision on the merits of the claims alleged. As the Supreme Court explained in Young , a dismissal for failure to state a claim represents a legal conclusion that, even if the facts alleged are credited, the petitioner's claims fail as a matter of law: "Determining whether the particular allegations of a pleading *1115 state a claim entails a legal conclusion, the 'merits' of which may be debatable." 347 Or. at 173, 218 P.3d 125. It does not represent a rejection of the petitioner's claims on procedural grounds. See Delzell v. Coursey , 354 Or. 597, 597, 318 P.3d 749 (2013) (differentiating between a petition dismissed on procedural grounds as "time-barred and/or successive" and a petition dismissed as "meritless (failed to state a claim)"); Hayward v. Premo , 281 Or.App. 113, 116-17, 383 P.3d 437, rev. den. , 360 Or. 751, 388 P.3d 716 (2016) (same). Inevitably, a federal court reviewing such a judgment of dismissal in a case involving federal constitutional claims is tasked with assessing whether the post-conviction court's legal conclusion that the allegations fail to state a claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 USC § 2254(d) ; Harrington v. Richter , 562 U.S. 86, 97-100, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) (explaining standard governing federal court habeas review of state court resolutions of questions of federal law).
Appeal dismissed.

ORS 138.525(3) provides that, "[n]otwithstanding ORS 138.650, a judgment dismissing a meritless petition is not appealable."

ORS 138.590(5) provides:
"If counsel appointed by the circuit court determines that the petition as filed by petitioner is defective, either in form or in substance, or both, counsel may move to amend the petition within 15 days following counsel's appointment, or within a further period as the court may allow. The amendment shall be permitted as of right at any time during this period. If appointed counsel believes that the original petition cannot be construed to state a ground for relief under ORS 138.510 to 138.680, and cannot be amended to state a ground for relief, counsel shall, in lieu of moving to amend the petition, inform the petitioner and notify the circuit court of counsel's belief by filing an affidavit stating the belief and the reasons therefor with the clerk of the circuit court. This affidavit does not constitute a ground for denying the petition prior to a hearing upon its sufficiency, but the circuit court may consider the affidavit in deciding upon the sufficiency of the petition at the hearing."

Before the hearing, defendant, the superintendent of the Eastern Oregon Correctional Institution, then filed a motion to dismiss the petition "to assist the Court in resolving whether the petition states a claim." At the hearing, the post-conviction court stated the superintendent's motion to dismiss was "not being heard today" and would "not be heard ever" if the court determined the proceeding should be dismissed.

In Dillard , the court held that a judgment erroneously dismissing a petition with prejudice for failure to state a claim, under circumstances in which the dismissal should have been without prejudice, is appealable for the purpose of correcting the erroneous "with prejudice" designation. 362 Or. at 48, 403 P.3d 746. Here, there is no contention that the post-conviction court erred by dismissing with prejudice; in contrast with Dillard , counsel had been appointed and the post-conviction court held a hearing. See ORS 138.525(4) ("A dismissal is without prejudice if a meritless petition is dismissed without a hearing and the petitioner was not represented by counsel.").

In Datt , the court explained that state court post-conviction judgments needed to be clear to facilitate federal habeas review of those judgments:
"[T]o be clear, and to enable federal courts to determine habeas corpus jurisdiction , a judgment denying claims for post-conviction relief must, at a minimum: (1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on a petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent."
347 Or. at 685, 227 P.3d 714 (emphasis added).

In response to petitioner's argument about Datt and ORS 138.640(1), the superintendent argues that ORS 138.640(1) does not apply to a judgment dismissing a petition as meritless because, in the superintendent's view, when a post-conviction court dismisses a petition as meritless, it has not "adjudicated the merits of the claims for relief."