PER CURIAM
*840 Petitioner appeals a judgment dismissing his petition for post-conviction relief. In response, defendant, the superintendent of the Snake River Correctional Institution, asserts that ORS 138.525(3) bars this appeal because, in the superintendent's view, the post-conviction court dismissed the petition as "meritless" within the meaning of that provision. See ORS 138.525(3) ("Notwithstanding ORS 138.650, a judgment dismissing a meritless petition is not appealable."). Because the judgment and the record are not clear as to the basis of the court's dismissal, and because our appellate jurisdiction turns on that point, we vacate and remand to the post-conviction court to clarify its ruling. See Breece v. Amsberry , 279 Or. App. 648, 381 P.3d 1086 (2016) (vacating and remanding where post-conviction judgment was ambiguous as to basis for dismissal).
The post-conviction court dismissed the petition after petitioner's appointed counsel filed an affidavit under ORS 138.590(5) representing that the petition did not state a ground for relief and could not be amended to do so, and after the superintendent filed a motion to dismiss for failure to state a claim based on that affidavit. Following a hearing, the court granted the motion, explaining, "Without something attached to this to show how you are going to make that-this claim, and you've had lots of time to do it, you can't-you haven't stated a claim here. So I am going to grant the motion to dismiss." The judgment of dismissal states that it is based on the fact that the court "previously granted defendant's motion," but does not otherwise articulate the basis for the dismissal.
*1209 A judgment dismissing a post-conviction petition for failure to state a claim is, as a matter of law, a judgment dismissing the petition as "meritless," and is not appealable. ORS 138.525(2), (3) ; Young v. Hill , 347 Or. 165, 173-74, 218 P.3d 125 (2009). A judgment dismissing a post-conviction petition on a different ground (for example, as time barred or successive) is appealable even if the post-conviction court mistakenly characterizes that ground as failure to state a claim. Corona v. Amsberry , 284 Or. App. 414, 418, 393 P.3d 248, rev. den. , 361 Or. 885, 403 P.3d 770 (2017) (explaining the point).
*841 Here, it is not clear from the judgment or the hearing whether the post-conviction court dismissed the petition for failure to state a claim or, instead, on the different ground that it did not comply with the attachment requirement of ORS 138.580. Although at the hearing the trial court told petitioner "you haven't stated a claim," the court explained that petitioner had not done so because of the lack of attachments. That suggests to us that the post-conviction court's dismissal may have been on the ground that petitioner did not comply with the attachment requirement of ORS 138.580, rather than on the ground that the allegations in the petition, when construed liberally in petitioner's favor, failed to state a claim on the merits. Under those circumstances, because our appellate jurisdiction depends on the basis for dismissal, "it is appropriate to vacate the judgment and remand the matter to the post-conviction court for that court to clarify its ruling." Breece , 279 Or. App. at 651, 381 P.3d 1086.
Vacated and remanded.